CASE, RESPONDENT, *v.* SCHOOL DISTRICT No. 3, MISSOULA COUNTY, APPELLANT.

[Submitted          .   Decided February 26, 1894.]

CONTRACTS—*Construction—Schoolteacher.*—An engagement as a "supply teacher" at seventy dollars per month for a term of ten months, and plaintiff's acceptance thereof cannot be construed as a contract by which plaintiff was to receive a salary of seventy dollars a month for the entire term without regard to whether she actually rendered any services or not, but rather that plaintiff was to be paid for the time she taught at the rate of seventy dollars per month, it appearing that plaintiff was only called upon to teach several days during the first four months, and that during that time she made no demand for such salary, though knowing that the regular teachers were paid at the close of each school month, nor any inquiry as to the understanding of the trustees in respect to her compensation; there also being evidence that during the first month of the term she applied for appointment as a regular teacher in one of the schools of the district for which the salary was seventy dollars per month.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION upon an account. Judgment was rendered for the plaintiff below by BRANTLEY, J. Plaintiff's motion for new trial granted. Reversed.

*Henry C. Stiff*, for Appellant.

*Webster & Wood*, for Respondent.

HARWOOD, J.—This action is founded on an account wherein plaintiff demands of defendant school board two hundred and eighty dollars for four months' services as school teacher in district No. 3 of Missoula county. That demand is made under an alleged contract of employment of plaintiff by the board of trustees of said school district at the compensation of seventy dollars per month. Payment of the demand being refused, this action was brought to enforce the same; and in the justice's court, where the action was first prosecuted, plaintiff recovered judgment against said school district in the sum of one hundred and eighty dollars. From that judgment defendant appealed to the district court of said county, wherein the case was tried to the court, a jury having been waived; and upon consideration thereof the court found plaintiff entitled to recover the sum of twenty-four dollars and fifty cents on her demand against said school district, for services rendered under the contract of employment in question, and entered judgment accordingly. Thereafter, motion for new trial was granted on a statement of the case containing all the evidence offered. From that order the trustees of said school district appealed to this court, insisting that there is not sufficient ground shown to justify the order granting a new trial. This we conclude, upon careful consideration of the case, must be sustained, for we are unable to find in the record a sufficient showing to warrant an order granting a new trial.

The record purports to contain a transcript of all the evidence offered on the trial. It is not claimed that there is any newly discovered evidence; nor is it urged that the court erred in any ruling; nor is there any conflict in the evidence, except some slight difference between the testimony of plaintiff and that of her principal witness. The motion for new trial is founded upon the proposition that the decision of the court upon the trial is not warranted by the evidence, and therefore, if a new trial were granted, and the same evidence submitted again, the court or jury, on consideration thereof, ought to

arrive at a different decision.    The question, then, is narrowed to the consideration whether a different decision, under the law applicable to the facts as presented, should be made, or could be sustained if made; and our investigation leads us to a negative conclusion on that proposition.⁻⁻ It is not a question of the weight of evidence, or the belief which ought to be accorded to, or withheld from, the testimony of witnesses.    All the material and important facts are practically conceded, according to this record; and the real question now is, shall these facts be interpreted, and given the effect in law, as respondent contends, or as appellant urges?

The record discloses the following facts: In the spring of 1891 plaintiff applied to the board of trustees of said school district for a position as teacher in one of the schools thereof at the succeeding term, to commence on the 1st of the following September, in her application expressing her preference for a position in the primary department.    Plaintiff's application, with others, being referred to a committee of said board, designated as " Committee on Teachers and Salaries," that committee elected from the applicants a full corps of teachers for the district for the term of ten months, commencing with the month of September of that year, without selecting plaintiff as one of the regular teachers; but she was chosen as "supply teacher," and in the report of said committee, after naming the several teachers chosen, and the amount of the salary of each, respectively, it contained the following: " Supply teacher, Mary Case, salary per month, seventy dollars."    This report of the committee was adopted by said board of trustees.    Soon after that event plaintiff was, by letter from the clerk of said board, notified of her selection as supply teacher at the compensation mentioned, requesting her in such notice to signify her acceptance of the appointment if the same was agreeable.    Plaintiff accordingly wrote a note to the clerk of the school board accepting the same.    Thereafter it transpired that plaintiff was called upon and served as supply teacher on two occasions during the four months for which compensation is claimed, being the first four months of said term, teaching altogether seven days—four days in October and three days in November.

The report of the committee, its adoption, the notice to

plaintiff, and her acceptance of said appointment, are claimed to constitute the contract to be interpreted in this action; and counsel concede that the decision of this case depends upon an interpretation of the employment, engagement, service, and compensation to be rendered by each party, as evidenced by these documents.

On the part of plaintiff and respondent here it is contended that the contract contemplated her engagement for the whole term at seventy dollars per month, whether she rendered any service in teaching or not. "That," she asserts in her testimony, "was what the contract called for"; that she was in readiness to teach when notified, during said four months, but did not claim compensation after the close of December, as she was sick in January and a considerable portion of the remainder of the year.

On the contrary, the defendant board of trustees (appellant here) contends that the contract contemplated that plaintiff was engaged as supply teacher to fill any vacancy which might occur by reason of sickness, or absence from other cause, of any teacher in the schools of said district. The district, in question, as we understand, includes the city of Missoula.

That a board of trustees of a school district has power, under the provisions of law governing its action, to bind the district, by contract, to pay supernumerary teacher or teachers a fixed salary while not rendering service as teacher, but merely waiting a contingency, which might or might not happen, to require some service, is extremely doubtful. According to the interpretation of this contract contended for by plaintiff, said trustees engaged to pay her seven hundred dollars for acting as supply teacher during said term, when her services might not be required at all, and, as actual experience showed, were only required seven days in four months of the term. This was the same compensation as was paid some of the teachers in said district for constant service, which fact plaintiff admits she knew. It might be proper enough to pay those who came at the eleventh hour, or came not at all, equally with those who "have borne the burden and heat of the day"; if the trustees, like the master of the vineyard, were dispensing of their own; but, in our view, the law governing them forbids

such munificence in their stewardship for the people of their district.

Aside from that view of the case, it seems hardly reasonable, in the light of the circumstances, that plaintiff should conclude, from her selection as "supply teacher" at the compensation stated, that she was elected to a sinecure, the principal duty of which, prospectively and practically, was to draw a salary equal in amount to that paid teachers for constant service. In adopting that conclusion, so far as the record shows, plaintiff made no inquiry as to the understanding or contemplation of the trustees. Indeed, the implication appears quite strongly, from what is shown that plaintiff and her advisers avoided raising that question, for, although plaintiff knew the teachers of said district were paid at the close of each school month, plaintiff made no application for the amount claimed. This was not made at all until May or June following the months for which the salary is now claimed.

Plaintiff's father, in testifying on her behalf, assumed to state the reason why plaintiff did not apply for her alleged salary at the close of the school months as they progressed, by saying that he had been trustee for thirty-five years, "and it was the custom for the clerk to pay the teachers without an application from them." If such was understood by plaintiff and her advisers to be the custom, it seems to us that the failure to receive payment would have aroused inquiry without such long delay; and it seems also that that very fact, if plaintiff was really counting upon such payment without service, would have tended, at least, to lead her to the conclusion that the officers of the district did not contemplate paying a regular salary for plaintiff's occasional service, or no service at all. The statute of this state contains a just rule of interpretation in this connection, in the provision that "when the terms of an agreement have been intended in a different sense by the different parties to it, that sense is to prevail against either party in which he supposed the other understood it." (Code Civ. Proc., § 636.) The clerk of said district, in his testimony on behalf of plaintiff, states that in December (one of the months for which she claimed salary) she again applied by letter for appointment as regular teacher in one of the

schools of said district, the salary for which was seventy dollars per month; that such application, with some others, was delivered by the clerk to the committee on teachers and salaries and was not returned to him; therefore, he was unable to produce it at the trial. Plaintiff disputed her witness in this particular, denying that she made that application. Nevertheless, the testimony of Mr. Musgrave, the clerk of the district, who was called by both parties, sounds very frank and disinterested. Indeed, if any leaning is discoverable at all, it is towards the plaintiff; and that circumstance is told with so much detail that it seems quite improbable he should be mistaken. However, that incident may only show that plaintiff was seeking more work, and not more compensation.

The court found the plaintiff, under said engagement, was entitled to compensation for the time served at the rate of seventy dollars per month. In our opinion, this was the proper interpretation. The case is therefore remanded, with directions to overrule plaintiff's motion for new trial. Costs may follow the judgment.

*Reversed.*

PEMBERTON, C. J., concurs.