BIG BLACKFOOT MILLING COMPANY, Appellant, v.
BLUE BIRD MINING COMPANY et al., Respondents.

[Submitted April 12, 1897. Decided April 26, 1897.]

*Mechanic's Lien—Pleading.*

MECHANIC'S LIEN—*Pleading.*—A complaint in an action to foreclose a mechanic's lien
upon several pieces of property not contiguous and not of similar character, which
does not show that the material for which the lien is sought was furnished under one
contract, or for which part of the property it was furnished, does not state facts suffi-
cient to constitute a cause of action, and is uncertain and unintelligible, because it
does not sufficiently designate the property for which the material was furnished.

*Appeal from District Court, Silver Bow County. J. J.
McHatton, Judge.*

ACTION by the Big Blackfoot Milling Company against the
Blue Bird Mining Company, Limited, and others, to foreclose
a mechanic's lien. There was judgment on demurrer sus-
tained to the complaint, and plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is a suit to foreclose a mechanic's lien. The account
for which the plaintiff claims a lien is for lumber, timber, and
building material, amounting in the aggregate to $5,622.49,
sold and delivered, as it is alleged by the plaintiff, to the de-
fendant the Blue Bird Mining Company, Limited, during the
year 1891, and up to March, 1892, from time to time, as
appears from the account, and upon which it is alleged the
defendant Blue Bird Mining Company, Limited, paid $1,944.45
during the time aforesaid; this suit being for the balance of
the account. The plaintiff claims a lien in this action, as set
forth in his statement for a lien as well as in his complaint, on
29 separate quartz-mining claims; 160 acres of land; 5 town
lots, which are in different blocks in the town of Rocker; a
right of way over certain lots described in the complaint; a
water right, also described; a lease-hold estate in a certain
quartz mine; and other properties,—all situated in Silver Bow
county.

The complaint alleges that all of said property, at the time plaintiff furnished the timber, lumber, and building materials set out in its account, was owned and operated by the defendant Blue Bird Mining Company, Limited, as a mine, and as one mining claim or plant, and that plaintiff furnished all of said material to said mining company on the credit of the whole property as a unit, and as one mining claim or plant.

There is no allegation in the complaint that any of the mining claims are contiguous to one another, or that the real estate other than the mining claims, or any part of it, is adjoining the mining claims, or any of them; nor is it alleged that the lumber and building materials mentioned in the complaint and account sued on were delivered under one contract; but it does appear from the account filed, as well as from the complaint, that said materials, lumber, and timber were delivered from time to time from December 4, 1891, up to March 1, 1892.

The defendants W. L. Hoge, M. B. Brownlee, F. E. Sargeant, and R. C. Chambers, under the firm name of Hoge, Brownlee & Co., filed a demurrer to the complaint on the grounds:

First. "That the said complaint does not state facts sufficient to constitute a cause of action."

Second. "That the said complaint is uncertain, unintelligible, and ambiguous, in this: that it does not appear upon what property the plaintiff is attempting to enforce its lien, and it also appears that the said lien is attempted to be enforced upon property far in excess of the amount of property permitted by law to be included in a lien."

The court sustained the demurrer to the complaint, and, the plaintiff having failed to amend its complaint, or further prosecute the case, judgment was rendered in favor of the defendants, dismissing plaintiff's suit, and for costs. From this judgment the plaintiff appeals.

*T. C. Marshall and F. T. McBride,* for Appellant.

*Forbis & Forbis,* for Respondents.

PEMBERTON, C. J.—The real question presented by this appeal is whether the complaint designates or specifies any particular acre or parcel of land with such certainty as would entitle it to a judgment enforcing a lien against it.

The appellant contends that the complaint describes the land so that it can be identified.   We do not doubt that an officer might find all the land from the description given in the complaint.   As shown in the statement, there is a large amount of land described in the complaint, amounting to nearly 800 acres, some of which consists of quartz-mining claims, 160 acres not shown to be mining ground (and presumably not mineral), several town lots shown to be in different blocks, a water right, a right of way over certain lots, and other property.

Now, then, the question is:   Does the complaint show or designate any particular part of this large amount of land, of different kinds and character, upon which the building material was used, and which was improved or benefited thereby, against which a lien is sought, with such certainty as to enable or authorize the court under the law to enter judgment enforcing the lien?

Appellant contends that it is sufficient to describe all the property owned by the defendant Blue Bird Mining Company at the time the materials were furnished.   The complaint alleges that all of the land described constituted one mining claim and plant, and that credit was given on the faith of the defendant Blue Bird Mining Company owning all of the property as a unit in its mining operations.   In support of the contention that all of the property described in the complaint constituted but one mining claim or plant, counsel cites *Smelting Company* v. *Kemp*, 104 U. S., opinion, page 648, in which the court, by Mr. Justice Field, says:   ''Indeed, his claim may include as many adjoining locations as he can purchase, and the ground covered by all will constitute his mining claim, and be designated as such in the general understanding of miners, and the meaning they attach to the term.''

The learned judge was here speaking of the number of

claims or adjoining locations that might be included in the patent when owned by one person or company. But this is a different question, we think, from the one at bar. Many authorities hold that, ''where labor and materials are furnished under a single contract for buildings to be erected on contiguous lots owned by the same person, the liens will attach to all the lots, irrespective of the amount of material used on each.'' (Boisot on Mechanic's Liens, § 173, and cases cited in note.)

A large number of cases also hold that, where the lots are not contiguous, the lien is only on each lot for the value of the work or materials expended on that particular lot. (Id., and cases cited in note 55.)

Another line of respectable authorities holds that the lien can only be claimed for material furnished for the particular lot or tract of land upon which they were used, regardless of the question whether the lots are contiguous, and the materials for all were furnished under one contract. (2 Jones, Liens, §§ 1425, 1426, and authorities cited in the notes.)

But the complaint in this case does not show the different lots or tracts of land to be contiguous. The reverse is shown. There are 29 mining claims described in the complaint. None of them are alleged to be contiguous. One hundred and sixty acres of nonmineral land are described in the complaint. This land is not alleged to be contiguous to any other land included in the complaint. There are town lots enumerated in the complaint, shown to be in different blocks in the town of Rocker, and none of them alleged to be adjoining any other ground mentioned in the complaint. Nor does the complaint locate the water right, or right of way, or leasehold estate mentioned therein with reference to any other property described. Nor is it anywhere alleged that the building materials and lumber mentioned in the complaint were sold under one contract. In fact, the inference from an inspection of the account sued on is that the materials were not, and of necessity could not have been, covered by one contract. The account shows the materials or timbers sued on to be principally min-

ing timbers; that is, timbers used in developing mines. Now, it would be impossible for a mine operator ordinarily to tell in advance how much of such material he would need in developing a mine, or working it to any considerable extent. He would of necessity have to buy or contract for such materials from time to time as the necessities of the mine would require for the development thereof. So that we are unable to see how a contract in relation to furnishing timbers for developing a mine could be a long-continuing one.

This case is widely distinguished from *Steam Heating, etc. Company* v. *Wells*, 16 Mont. 65, 40 Pac. 78. In that case there was a finding of fact that the contract under which all the materials were furnished was one continuing contract. The statement of the case at bar shows a different state of facts. Contracting for timbers to extensively develop a mine is a very different thing from contracting for materials to build a house. In relation to the mine, the operator must ordinarily contract for his materials from time to time, as the necessities of the case demand; whereas in the case of a house the materials can readily be contracted for in advance at one time, as what is needed is known from the beginning.

So that, conceding that it is the law that a lien may be had on several adjoining lots and the buildings thereon, if owned by one person, and all the materials are contracted for under one contract, still we think the facts of this case do not bring it within this rule.

Whatever may be conceded to appellant as to what constitutes a claim, as announced in *Smelting Company* v. *Kemp, supra*, in that case the court did not hold that a party could unite, in his application for patent, quartz claims, nonmineral land, town lots, water rights, etc.

Counsel contends that, under the rule announced by this court in *Smith* v. *Mining Company*, 12 Mont. 524, 31 Pac. 72, the appellant is entitled to a lien in this case against all the ground described in the complaint.

In that case we held that the law limiting the operation of the mechanic's lien to one acre of ground, when outside of any

town or city, did not apply to a lode mining claim, because the law gave the lien on a quartz lode. *Smith* v. *Mining Company, supra,* does not go to the extent, and is not authority for the contention, that any number of noncontiguous lode claims, large tracts of nonmineral lands, town lots, water rights, etc., can all be included in one statement or proceeding to secure and enforce a mechanic's lien.

We do not assent to the claim of appellant that it could not designate any particular part of the large body of ground described in the complaint upon which the materials sued for were used. With the slightest effort, it seems to us, the appellant could have obtained some knowledge or information as to what particular lode claim, acre of ground, or town lot, the materials, or some part thereof, were used upon. But there is no attempt in the complaint to make such designation, or any excuse offered for not so doing. For this reason we think the complaint of plaintiff was bad for ambiguity and indefiniteness, as well as for not stating facts sufficient to entitle it to a lien, especially in this case, where the parties to the suit are not the same as those to the original contract. (2 Jones, Liens, § 1426, and authorities cited).

To hold otherwise would be to ignore entirely the general rule that the lien attaches only to the particular lot or tract on which the labor has been performed, or the improvements made, or building erected.

We see no error in the action of the district court in sustaining the demurrer to the complaint, for the reasons above stated. The judgment is affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—Counsel for appellant, in his petition and argument for rehearing in this case, says that, in the opinion rendered therein, the court overlooked section 2131, Code of Civil Procedure, which provides that a mistake in the amount or description does not affect the validity of the lien.

The question is not involved. It was conceded in the argument of the case by counsel for the respondents that the description of the premises mentioned in the complaint was sufficient to identify them. But the point contended for by respondents was that there was no specification of any particular lot or parcel of land in the large body of land described in the complaint upon which a lien could be held to attach; that is to say, that no particular lot or parcel of the land was described as the premises on which the lumber sued for was used, with such particularity as to entitle plaintiff to a lien thereon. And for this reason the court below held the complaint bad on demurrer. We only decided that there was no error in this action of the lower court.

Counsel for appellant contends that this court passed upon the validity of the contract by which plaintiff furnished the lumber to the Blue Bird Mining Company, when its validity was not before this court.

In this counsel is clearly mistaken. We said nothing as to the validity of this contract. We simply referred to it to show that it is not similar to the contracts treated in the authorities and cases cited in our opinion. We did not even hold that a contract was essential to the right to claim and enforce a lien. This question is not involved in this case.

But whether the contract in this case be valid or invalid, or whatever the nature of the contract may be, it is our opinion that the complaint is bad, for the reasons stated in the opinion and restated herein. We think the petition for a rehearing is without merit.

From a careful consideration of the petition for a rehearing

in this case, we are impressed with the belief that counsel has not taken the trouble to study the opinion of the court sufficiently to ascertain what this court did treat and decide. We do not wish to restrict in any way the right to apply for a rehearing in any proper case, but we think we have a right to insist that petitions should only be presented in those cases where such proceeding is justified and based upon some reasonably good ground shown on the face of the petition. The petition should call the attention of the court to some error or oversight committed by it in treating and deciding the case, as shown by the record and opinion itself. Petitions for rehearing should only be resorted to in proper cases. The time of this court should not be taken up in considering petitions for rehearing that show no grounds therefor, and which show that counsel have not studied the opinion of the court sufficiently to determine what questions of fact or law have been treated or determined by the opinion sought to be reviewed. The practice hereby criticised has become so common as to amount to an abuse of the rule allowing petitions for rehearing, and, we think, justifies this animadversion.

The judgment rendered herein will not be disturbed.

*Petition Denied.*