FINLEY, APPELLANT, v. SCHOOL DISTRICT NO. 1, MIS-
SOULA COUNTY, RESPONDENT.

(No. 3,578.)

(Submitted November 5, 1915.   Decided December 4, 1915.)

[153 Pac. 1010.]

*Schools and School Districts—Teachers' Contracts—Construction
—Gift of Public Funds—Forfeitures—Supreme Court Rules—
Rehearings.*

Contracts—Uncertainties—Construed Against Whom.
1.   Any uncertainty in a written contract will be construed most
strongly against the party responsible for it.

Schools and School Districts—Teachers—Donation of Public Funds.
2.   A school board had no power to allow compensation to a teacher
for the full period of twelve months, during two and a half months of
which time no school work was required and she was left free to en-
gage in other pursuits; a donation of public funds under the pretext
·of compensation being unlawful.

[As to right to make reduction from compensation of school teacher,
see note in Ann. Cas. 1914D, 141.]

Contracts—Construction.
3.   If of two constructions one will render the contract in question
valid and the other void, the former should be adopted, if it can be
done without doing violence to the ascertained intention of the parties.

[As to repugnant recitals in contracts, see note in 60 Am. St. Rep. 94.]

Schools and School Districts—Teachers' Contracts—Legality.
4.   A contract of employment between a school board and a teacher,
whereby a fixed compensation should constitute the salary of the latter
for a school term consisting of 190 school days, payment to be made
in twelve equal installments as a matter of convenience, is not open
to the charge that a donation of public funds without the necessary
*quid pro quo* was intended for the time spent in a vacation.

Same—Contracts—Construction.
5.   The contract referred to above, rendered uncertain by the rules of
the school board  made part of it by reference, one of which provided
that a teacher who resigns before the close of school should receive
pay only "for the actual time in service," *held* capable of an interpre-
tation whereby a teacher who resigned after having taught 145 school
days out of a total of 190 composing a school term, was entitled to
be paid a sum which would bear the same proportion to the entire
salary as the number of days taught would bear to 190.

Contracts—Forfeitures—Not Favored by Courts.
6.   Forfeitures are not favored by courts; they should be strictly in-
terpreted against the party for whose benefit they are created, and
enforced only when the strict letter of the contract requires it.

Appeal and Error—Failure to File Brief—Effect.
7.   (On Motion for Rehearing.) Under rule X, subdivision 5, Rules of
Supreme Court, where respondent does not file a brief, his counsel has

not any right to argue the cause orally; in such case he can make oral argument only on consent of his adversary or by request of the court.

Same—Rehearing—Necessary Showing.

8. To warrant a rehearing on appeal, sufficient ground therefor must be made apparent, otherwise it will be denied.

*Appeal from District Court, Missoula County; A. L. Duncan, Judge.*

ACTION by Phoebe Finley against School District No. 1 of Missoula County, Montana. Judgment for plaintiff. From an order denying her a new trial, plaintiff appeals. Reversed and remanded.

Cause submitted on brief of counsel for Appellant, *Messrs. John H. Tolan, Wm. L. Murphy* and *R. F. Gaines.*

At the outset it is to be noted that plaintiff was employed by the year—not by the month. This is the position assumed by defendant in its answer; this is what the written contract recites; and this is what the minutes of the board of trustees of defendant shows. Moreover, when construed together, the various clauses of the contract demand a construction to the effect that plaintiff was hired at $900 per year, which salary was to be paid in 12 equal installments of $75 each. In no other manner may effect be given to every part of the contract upon this subject. The word "year" does not invariably mean a calendar year, or even a twelve-months period; and when the word "year" appears in a contract, and it is important to determine its meaning, reference is to be had to the subject matter of the contract as an aid thereto. (*Williams* v. *Bagnelle,* 138 Cal. 699, 72 Pac. 408; *Thornton* v. *Boyd,* 25 Miss. 598; *Grant* v. *Maddox,* 15 Mees. & W. 737; *Knode* v. *Baldridge,* 73 Ind. 54; *Inhabitants of Paris* v. *Inhabitants of Hiram,* 12 Mass. 262.) On the strength of *Williams Case, supra,* and in view of the fact that defendant never intended that school should be taught, and no teacher in fact did teach, more than 190 days, and aside from other considerations present in this case, we contend that the expression, "pay only for actual time in service," fairly construed should

be held to mean pay in an amount equal to 145/190 of $900, rather than seven and one-fourth months on a basis of $75 per month.

No appearance in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In June, 1911, Miss Phoebe Finley was employed as a grade teacher in the Missoula public schools for the ensuing school year, at a salary of $900. She taught from the opening of the term in September, 1911, until April, 1912, when she voluntarily resigned. A controversy arose over the amount of compensation to which she was entitled, and she brought this action to recover $162.60, which she alleged was the balance due her. The trial court found in her favor for $18.75, the amount admitted by the school board. From an order denying her a new trial, plaintiff appealed.

There is not any disputed question of fact presented. The contract of employment was in writing and by reference made the rules of the school board a part of it. The school term commenced in September and continued for 190 school days. From the close of one term in June to the opening of the next term in September, there was a summer vacation period of approximately two and a half months, during which time the teachers were not required to be in Missoula, did not render any services to the district, and were not under the direction or control of the school board. Plaintiff taught for 145 school days and insists that her salary for that time should bear the same proportion to $900 as 145 bears to 190.

The contract of employment was entered into before the adoption of the new school code, and is governed by the Revised Codes and amendments thereto made prior to June, 1911. A school year, as defined by section 915, Revised Codes, commences on September 1 and ends on August 31 following. A school month consists of twenty school days, or four weeks of

five days each. (Laws 1909, p. 33.) Certain of the board rules to which reference will be made are arranged and numbered by us for convenience. Rule 1 provides: "1. Teachers, principals and supervisors shall be paid in twelve equal payments, one at the end of each calendar month except the August salary which shall be paid Sept. 15." The authority of the board to employ teachers and order their salaries paid is conferred by section 875, Revised Codes. The manner of their payment, whether monthly, quarterly or otherwise, is not prescribed, but the subject is reserved for disposition by agreement of the parties, with a single exception not important here. It was therefore competent for the board to provide that plaintiff's salary should be paid in twelve monthly installments; and it was likewise within the authority of the parties to agree, as they did in Rule 2, that "a teacher who is dismissed or resigns her position before the close of the school shall receive pay only for the actual time in service." This controversy arises over the meaning of the phrase "for the actual time in service," when invoked, as it must be, to determine the amount of compensation to which plaintiff was entitled. If this rule be divorced from the others, the meaning of this phrase is most obscure. The language of the rule is that of the school board, and the [1] uncertainty will be construed most strongly against the party responsible for it. (Sec. 5043, Rev. Codes; *Lyon* v. *Daily Copper Co.,* 46 Mont. 108, 126 Pac. 31.)

If it was the intention of the school board that the salary [2] allowed to plaintiff should constitute compensation for the full period of twelve months, during two and a half months of which time she was not expected to render any services whatever and was free to engage in other remunerative employment, then the contract was void; for however liberal the individual members of the board might be with their own private funds, they were without authority to make a donation of the public funds of the district under the pretext of compensating for services which were never to be rendered. (*Case* v. *School District,* 14 Mont. 138, 35 Pac. 906.) A school district is a public

corporation (Rev. Codes, sec. 848), but with very limited powers. It may, through its board, exercise only such authority as is conferred by law, either expressly or by necessary implication. (*Jay* v. *School District*, 24 Mont. 219, 61 Pac. 250.) By section 949, Revised Codes, and section 904 as amended, a teacher may be paid for the time consumed in attending institute and for legal holidays which fall on school days, but this grant of authority to compensate for time not actually devoted to school work excludes the exercise of it in any other instance. However, [3] if of two constructions one will render a contract valid and the other void, the former will be adopted if it can be done without violence to the ascertained intention of the parties. (Sec. 5032, Rev. Codes.) It is our judgment that the contract in question is fairly susceptible of a construction which will preserve its validity.

If it was the intention of the parties that the compensation fixed by the agreement should constitute the salary for plaintiff's [4, 5] services as a teacher for the *term* to be taught during the school year 1911–12, and that the payment in twelve equal installments was a mere device to which recourse was had for the convenience of the parties or either of them, then the contract is not open to the charge that it provides for disbursing public funds without the necessary *quid pro quo*. That this latter construction is a reasonable one appears from other board rules which entered into and became a part of the contract. Rules 3 and 4 provide: "3. Teachers who begin to teach after the opening of school shall receive only such proportion of the vacation salary as the number of weeks taught bears to the number of weeks of school in the year. 4. Teachers shall be allowed ten days' absence during each term for personal sickness or death in the family, without loss of pay. When a teacher is absent from school for any other reason than the above mentioned, an amount equal to 1/190 of the yearly salary shall be deducted from his or her salary for each day's absence." Each of these rules indicates very clearly that the salary of a teacher was intended solely as compensation for services rendered for the school term, and that a teacher who taught less than the entire term of

190 days should be paid for her time a sum which would bear the same proportion to the entire salary as the number of days taught would bear to 190.

Respondent school board has not appeared in this court, and the theory of its defense or the theory upon which the trial court proceeded is not made apparent, except in so far as it is indicated by the judgment, which awarded plaintiff compensation for seven and a fourth school months at $75 per month. The court must have proceeded upon the theory that the contract provides a penalty for the failure of a teacher to complete the school term, or, what amounts to the same thing, a forfeiture of all claim to any portion of the salary which would be payable after the conclusion of the term. If this was the theory adopted, [6] we think it erroneous. Forfeitures are looked upon by the courts with ill favor, and will be enforced only when the strict letter of the contract requires it. To provide for a forfeiture, the intention of the parties that the language employed shall have that effect, must be plainly expressed, and a condition involving a forfeiture will be strictly interpreted against the party for whose benefit it is created. (Rev. Codes, sec. 4906.)

It cannot be said that the intention of the parties to provide for a forfeiture or penalty is clearly expressed in Rule 2 above, and such an intention will not be imputed to them. In so far as the language of the section is ambiguous or the meaning of the concluding phrase uncertain, it will be construed most strongly against the board. The contract may fairly be construed to mean that the compensation for a teacher who resigns or is dismissed for cause before the end of the school term shall bear the same proportion to the entire salary as the number of days taught bears to the entire number of school days in the school year.

The order overruling the motion for a new trial is reversed and the cause is remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

ON MOTION FOR REHEARING.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In the opinion heretofore rendered casual reference was made to the fact that respondent had not appeared in this court or apprised us of its theory of the case. In support of a motion for a rehearing, counsel for respondent urges that he was personally present in the courtroom at the time the cause was set for hearing and prepared to argue the cause orally if oral argument had been deemed necessary. We employed the term "appearance" in its legal signification. (Sec. 301, Rev. Codes.) [7] Respondent had not filed a brief and its counsel did not have a right to argue the cause orally. (Rule X, subd. 5, Rules of the Supreme Court [123 Pac. xii].) To grant the motion for a rehearing would be an idle ceremony, for counsel has not yet tendered a brief and would not be in a position to demand [8] the right to be heard if a rehearing were granted. However, no sufficient ground for a rehearing is presented (*Big Blackfoot Milling Co.* v. *Blue Bird Min. Co.,* 19 Mont. 454, 48 Pac. 778; *Collins* v. *Metropolitan L. Ins. Co.,* 32 Mont. 346, 108 Am. St. Rep. 578, 80 Pac. 1092), and the motion is accordingly denied.

*Motion denied.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.