LINSE, ADMX., RESPONDENT, *v.* ZASTROW, APPELLANT.

(No. 4,802.)

(Submitted April 13, 1922.  Decided May 1, 1922.)

[207 Pac. 119.]

*Land   Contracts—Specific   Performance—Consideration—Complaint—Insufficiency—Construction  of  Contracts—Validity.—Rule.*

Specific  Performance—Consideration—Complaint—Insufficiency.
  1.  While inadequacy of consideration is a matter of defense in a suit for specific performance, the complaint must nevertheless show the consideration for the contract, else it is vulnerable to a general demurrer.

Same—Land  Contract—Consideration—Insufficiency  of  Complaint.
  2.  Under the above rule, *held* that the complaint in a suit for the specific performance of a contract of sale of land which contained no allegation as to what the consideration for the contract was, but which contract was made a part of the pleading by reference and in which the consideration was stated as "the sum of one dollar and other  valuable  considerations," was  insufficient  and  properly  demurrable.

Land  Contract—Indefiniteness—Construction.
  3.  A contract for the sale of land by which the purchaser agreed to pay the vendor "the sum of one dollar and other valuable considerations * * * ($——) dollars * * * the receipt of which is hereby acknowledged," *held* not void for indefiniteness as against the contention that the clause, "the receipt of which is hereby acknowledged," refers only to that part of the consideration recited as "one dollar" and not to the words "and other valuable considerations."

Construction  of  Contracts—Validity—Rule.
  4.  Of two constructions of a contract, one of which will render it valid and the other void, the former will be adopted if it can be done without violence to the ascertained intention of the parties.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by Louise Linse, as administratrix of the estate of Auguste Zastrow, against August Zastrow.  From a judgment for plaintiff and from an order denying defendant's motion for a new trial, the defendant appeals.  Reversed, and cause remanded, with directions to sustain general demurrer to the complaint.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.,

The whole language of the instrument in question being executory in its nature, the defendant insists that the instrument is too incomplete and uncertain at least, if not `void for uncertainty, to compel specific performance thereon, and that court never acquired jurisdiction to render a judgment upon such complaint which would be binding upon the parties. "A contract is too incomplete and uncertain for specific performance if it does not fix the price or consideration or provide a way in which it can be fixed." (36 Cyc. 596.) "It is too well settled to need authorities in support thereof that a court of equity will not enforce a contract indefinite or uncertain in its terms; also that courts will not make contracts for parties." (*Shumway* v. *Kitzman,* 28 S. D. 577, 134 N. W. 325; 6 Pomeroy's Equitable Remedies, 1286; 25 R. C. L. 330; *Riverside Land & Irr. Co.* v. *Sawyer,* 24 Colo. App. 442, 134 Pac. 1012.) The complaint is insufficient for the reason that the alleged contract upon which specific performance is sought does not show upon its face, and neither does complaint allege, an adequate consideration as required by section 6103, Revised Codes 1907. (*Traphagen* v. *Kirk,* 30 Mont. 562, 77 Pac. 58; *Glover* v. *Shirley,* · 169 Mo. App. 637, 155 S. W. 878; *Finlen* v. *Heinz,* 28 Mont. 548, 73 Pac. 123.)

*Mr. John A. Coleman* and *Mr. E. K. Matson,* for Respondent, submitted a brief; *Mr. Matson* argued the cause orally.

Inadequacy of consideration is a special defense, and must be pleaded specially, and even then, merely in order to be a defense, must be accompanied by other inequitable incidents. (*Maloy* v. *Berkin,* 11 Mont. 138, 27 Pac. 442; *Mueller* v. *Renkes,* 31 Mont. 100, 77 Pac. 512.) A written instrument is presumptive evidence of a consideration. (Rev. Codes 1907,

sec. 5010; *Edwards* v. *Spalding*, 20 Mont. 54, 49 Pac. 445; *Noyes* v. *Young*, 32 Mont. 226, 79 Pac. 1065; *Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609; *Ford* v. *Drake*, 46 Mont. 314, 127 Pac. 1019.) The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate it or avoid it, and the appellant, not having availed himself of this special defense, cannot be heard upon that subject. (*Mueller* v. *Renkes*, *Noyes* v. *Young, Borden* v. *Lynch, supra; In re Grogan's Estate,* 38 Mont. 540, 100 Pac. 1044; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123.) The complaint is sufficient against a general demurrer. (*Byars* v. *Thompson*, 80 Tex. 468, 15 S. W. 1087; 36 Cyc. 776; *Younger* v. *Welch*, 22 Tex. 418; *Pattillo* v. *Jones*, 113 Ga. 330, 38 S. E. 745; *In re Grogan's Estate, supra.*)

MR. CHIEF COMMISSIONER POMEROY prepared the opinion for the court.

This is an action by the administratrix of the estate of the vendee for the specific performance of a contract for the conveyance of land. The contract as set forth in the complaint is as follows:

"This agreement, made and entered into this 13th day of January, 1911, by and between August Zastrow, of Moore, Fergus county, Montana, party of the first part, and Auguste Zastrow, of Moore, Fergus county, Montana, party of the second part, witnesseth:

"That the said party of the first part, in consideration of the covenants and agreements on the part of the said party of the second part hereinafter contained, agrees to sell and convey unto the said party of the second part, and the said party of the second part agrees to buy all that certain lot and parcel of land, including —— situated in Fergus county, Montana, and described as follows, to-wit: The east half of the northeast quarter of section eleven south of the public highway; the northeast quarter of the southeast quarter of section eleven; the east half of the northeast quarter and

the east half of the southeast quarter of section fourteen in township fourteen north of range fifteen east of the Montana Meridian in Montana, containing approximately 275 acres for the sum of one dollar and other valuable considerations and the said party of the second part, in consideration of the premises agrees to pay the said party of the first part the sum of one dollar and other valuable considerations ($——) dollars, on the date hereof, the receipt of which is hereby acknowledged, and —— ($——) dollars on or before ——, 19—, and —— ($——) dollars on or before ——, 19— and —— ($——) dollars on or before —— 19—, and —— ($——) dollars on or before ——, 19—, all deferred payments to bear interest at the rate of 6 per cent per annum, and the party of the first part agrees to furnish the party of the second part an abstract of title, showing that he has a fee simple title to the said land and that it is free from encumbrance, within —— (——) days after the date hereof, and further agrees that upon receiving the said payments at the times and in the manner above mentioned, that he will execute and deliver to the said party of the second part or to his assigns, a good and sufficient warranty deed of the above described property, and agrees that he will pay all state and county taxes upon the said property for the year 19—.

"It is mutually agreed, by and between the parties hereto, that in the event of a failure to comply with the terms hereof by the party of the second part, the party of the first part shall be released from all obligations in law and equity to convey the said property and the said party of the second part shall forfeit all right hereto, and the said party of the first part shall keep and retain the moneys paid thereon for his own personal use, and the same shall be considered as payment of an option and rents upon the said lands from the date hereof until the time of the failure of the party of the second part to comply herewith.

"It is agreed, by and between the parties hereto, that this agreement and all of the covenants hereof shall extend to and bind the heirs, executors, administrators and assigns of both of the parties hereto.

"In witness whereof, the respective parties hereto have hereunto set their hands and seals the day and year in this agreement first above written.

"[Signed]   AUGUST ZASTROW.
"[Signed]   AUGUSTE ZASTROW.

"Witness:

"[Signed]   L. V. JACKSON.
"[Signed]   JNO. A. NELSON."

The plaintiff in her complaint alleges that, at the time of the execution of the contract, all of the conditions precedent, or otherwise, were duly fulfilled and performed, and the full consideration for the conveyance of the lands was received and acknowledged by the defendant, and nothing further was to be done except to execute a good and sufficient deed [1, 2] for the land. The complaint does not contain any allegation as to what was the consideration for the contract, other than by making the contract a part of the complaint. The sufficiency of the complaint was challenged by general demurrer and by objection to the introduction of any testimony at the trial.

The appeal is from a judgment for the plaintiff and from an order denying defendant's motion for a new trial.

The demurrer should have been sustained. While, in a suit for specific performance, inadequacy of consideration is a matter of defense, it is necessary that the complaint show the consideration for the contract. (*Mayger* v. *Cruse,* 5 Mont. 485, 6 Pac. 333; *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123; *Traphagen* v. *Kirk,* 30 Mont. 562, 77 Pac. 58.)

Counsel for the defendant attack the contract for indefi- [3] niteness, contending that it cannot be determined therefrom what the consideration is, or when it is to be paid. It

is contended that the clause, "the receipt of which is hereby acknowledged," refers only to that part of the consideration recited as "one dollar" and not to the words following, "and other valuable considerations." This contention cannot be maintained. It is apparent from the language used that the vendor, by the terms of his contract, acknowledged the receipt of the entire consideration, whatever that consideration was. Omitting the characters and word "($——) dollars," being one of various blanks in the contract used by the parties, which were not filled, doubtless as not applicable to the agreement they desired to make, and the clause reads: "The sum of one dollar and other valuable considerations on the date hereof, the receipt of which is hereby acknowledged."

Transpose the clause to read, "the sum of one dollar on the date hereof, receipt of which is hereby acknowledged, and other valuable considerations," the meaning contended for by defendant would be conveyed. "If of two constructions one [4] will render a contract * * * valid and the other void, the former will be adopted, if it can be done without violence to the ascertained intention of the parties." (*Finley* v. *School District No. 1*, 51 Mont. 411, 153 Pac. 1010. See, also, sec. 7534, Rev. Codes 1921.)

It will not be necessary to notice the other errors presented by the defendant, as the matters are not likely to arise on another trial of the cause.

The question as to whether an action such as this can be maintained by an administrator was not presented and is not decided.

It is recommended that the judgment and order be reversed and the cause remanded, with directions to sustain the demurrer to the complaint.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the

cause is remanded to the district court, with directions to sustain the demurrer to the complaint.

*Reversed.*

HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. JUSTICE REYNOLDS, being disqualified, takes no part in the foregoing decision.

Rehearing denied June 5, 1922.