BARTELL, APPELLANT, *v.* SCHOOL DISTRICT NO. 28, LAKE COUNTY, RESPONDENT.

(No. 8395.)

(Submitted April 5, 1943. Decided May 17, 1943.)

[137 Pac. (2d) 422.]

*Mr. Lloyd I. Wallace* and *Mr. F. N. Hamman,* for Appellant, submitted a brief; *Mr. Hamman* argued the cause orally.

454

*Mr. R. H. Wiedman,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff appeals from a judgment rendered in favor of defendant school district after its general demurrer to his amended complaint had been sustained and plaintiff had refused to plead further. The question is, therefore, whether the complaint states facts sufficient to constitute a cause of action against the school district. Vance Bronson, the other defendant, the principal of the district's school at Round Butte, is not concerned in this appeal.

The complaint is for damages for negligence. It alleged in part that plaintiff was a pupil and defendant Bronson the principal of the school mentioned; that Bronson, within the scope of his employment as such and while coaching and instructing several older boys of the school in the field event of shot putting, directed plaintiff to stand near where the heavy iron shot would fall and to mark the place; that Bronson, without warning to plaintiff, cast the shot, striking plaintiff on the head and inflicting serious injuries of a permanent nature.

Defendant contends that many of the essential allegations are stated by way of legal conclusions only and not of ultimate facts; but assuming without deciding that the pleading is by means of ultimate facts, we shall consider the question whether the complaint states a cause of action against the school district.

In accordance with the well established rule, it has been held by this court in *Perkins* v. *Trask,* 95 Mont. 1, 23 Pac. (2d) 982, that school districts are not in general liable for injuries caused by negligence of their officers, agents or employees unless liability is imposed by statute, even though the activity with which the negligence is connected is optional with the school district.

Plaintiff's contention is set forth as follows in his brief: ''We do concede that the general rule is that a school district is not

liable in tort, but this case falls within the list or line of exceptions. The rule is that a school district, town or city as well as a county, is not liable for tort when the tort is committed while acting in a governmental capacity. * * *

"The rule laid down in the case of *Perkins* v. *Trask* * * * has no application and is not controlling in the case at bar, nor do the many citations mentioned therein throw any light on this case. The facts and conditions are materially different. In the *Trask Case* there was inaction while performing a governmental function in the absence of specific statutory instruction. Here there is positive action, in fact an overt act, placing a child in a dangerous place while he was not a part of the athletic team, when by force of rule and authority he had to obey, failing to advise him of the accompanying danger, and failure to warn him when the professor threw the ball, and, we claim, in violation of a statute which requires a cautious lookout for the welfare of a child, and in the presence of statutes giving the school board power to levy taxes for athletic purposes. And no one can, with any degree of credence, say these acts as above listed are governmental functions.

"If this boy had been a part of the athletic team and chose to perform the duties he did perform of his own volition or even by request and then was injured, we concede there would be no liability and, under those circumstances, the rule of the *Trask Case* would apply."

While plaintiff states that there are various exceptions to the rule of non-liability, the exceptions upon which he relies here are shown by the distinction he draws between the circumstances of the *Trask Case* and the instant one. The contention seems to be that because plaintiff was not voluntarily receiving instruction as a member of the athletic team (1) the defendant school district was not acting in a governmental function and (2) the injury resulted from plaintiff's being put into a dangerous place by "positive action, in fact an overt act" rather than by mere negligence or non-action. That these are the only

grounds upon which he relies is shown by his final admission quoted above. He speaks also in this reference to "a statute which requires a cautious lookout for the welfare of a child" and "statutes giving the school board power to levy taxes for athletic purposes." Whatever the school district's duties and powers may be in those respects are not shown to be any different under the circumstances of this case from what they were in the *Trask Case,* in which the accident occurred in connection with a swimming pool instead of an athletic field.

It does not appear how, in the athletic activity in question here, the district was acting in any less a governmental function than in the *Trask Case.* It is unquestioned that physical training is part of the educational duty entrusted to the public schools. (*McNair* v. *School District No. 1,* 87 Mont. 423, 288 Pac. 188, 69 A. L. R. 866.) We find no authority for the proposition that these educational duties are limited to the members of voluntary athletic teams, and can imagine no serious argument which could be made to that effect. Plaintiff's reference to that phase of the matter in the final sentence quoted above from his brief must therefore have been intended to relate to the proposition that he was there by positive order of the principal rather than by his own volition and that the proximate cause of the accident was therefore the principal's affirmative action rather than his mere negligence. It will not be necessary to consider whether the order placing him in that position was the proximate cause of the injury.

For the proposition that the district is liable if the injury is caused by an affirmative action rather than by mere negligence of its employees, plaintiff relies only upon the following statement from 24 R. C. L. 605, section 60: "The authorities generally recognize that this rule of exemption from responsibility, as broadly stated, does not extend to positive mischief produced by active misconduct, or direct acts in the nature of a trespass which invade the premises of another to his injury."

Obviously there is great difference between the "affirmative

act'' of the principal in asking plaintiff to mark the place where the shot was to fall and the ''active misconduct'' referred to in the textbook statement. The only case cited by Ruling Case Law is *Daniels* v. *Board of Education*, 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468, from which the statement was quoted; but that case merely held that under its facts there was no liability, so that it can hardly be considered a precedent for either of the propositions stated. The court cited as an authority only an earlier Michigan case relating to the second proposition, that of trespass upon another's premises, and not to the first proposition of ''active misconduct.'' The rule furthermore, in so far as it may be good, apparently relates to action by the district authorities and not to the unauthorized actions of its mere employees or agents.

Thus the rules are stated (56 C. J. 530, sec. 622) that a district is not liable for the negligence of its officers, agents or employees except where made so by statute, and (56 C. J. 528, sec. 621) that the district is not liable for its own negligence in the absence of statute, except under some circumstances ''for a trespass upon private property committed in the improper exercise of its lawful functions.'' It will be noted that no such exception is stated in connection with the question of a district's liability for negligence of its officers, agents or employees as distinct from its own negligence.

It is our conclusion that the present case is not within any exception to the general rule. Whether that rule should be changed, as has been done with reference to certain circumstances by the legislatures of California, Washington, Oregon and other states, is a matter for the legislature rather than the courts.

The judgment is affirmed.

ASSOCIATE JUSTICES ERICKSON, ANDERSON, MORRIS and ADAIR concur.