PIERRE LONGPRE, Plaintiff and Appellant, v. JOINT SCHOOL DISTRICT NO. 2, OF MISSOULA AND MINERAL COUNTIES, State of Montana, a corporate body, Defendant and Respondent.

No. 11398.

Submitted April 9, 1968. Decided July 11, 1968.
Rehearing Denied July 31, 1968.
443 P.2d 1.

346

Larry E. Riley, Garlington, Lohn & Robinson, J. C. Garlington, argued, Missoula, for plaintiff and appellant.

Worden, Worden, Thane & Robb, Shelton C. Williams, argued, Missoula for defendant and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

The appellant-plaintiff, Pierre Longpre, brought this action in the district court of the fourth judicial district against Joint School District No. 2, to recover damages for injuries allegedly suffered in a school bus accident which occurred in November 1961. Longpre was a passenger in the school bus which was owned and operated by the respondent-defendant school district. The defendant pleaded governmental immunity, and the district court grante dsummary judgment in its favor.

The issue before this Court is whether the Legislature, by enacting section 75-3406, R.C.M.1947, waived governmental immunity to the extent it required school districts to purchase insurance.

Section 75-3406, as amended, so far as pertinent here, reads:

"*Requirements as to buses, drivers and operation of school buses.* Any person or persons having a contract to transport school children, or any school district owning and operating its own school buses, shall comply in every respect with the regulations of the state board of education for the operation and safety of school buses; provided, that, the board of trustees may require added safeguards, by supplementing in the contract the regulations of the state board of education, with additional regulations relating to bus specifications, age of drivers, liability insurance and operating speed; provided, that a district, owning and operating its own bus or buses, *must carry automobile*

*bodily injury and liability insurance,* with limits of liability in the amount of not less than $7,500.00 each person and $50,000.00 each accident. Such limits must be carried on each bus operated, if there be more than one * * *.'' (Emphasis ours)

The provisions of this section as to insurance were complied with by the school district.

■■ Turning to the issue, the general rule, as defendant contends, has been that school districts, because they are governmental units, are not liable for injuries caused by their officers, agents or employees when acting in a governmental capacity, unless liability is imposed by statute, even though the activity with which the negligence is connected is optional with the school district. Perkins v. Trask, 95 Mont. 1, 23 P.2d 982 (1933) ; Bartell v. School District No. 28, Lake County, 114 Mont. 451, 137 P.2d 422 (1943) ; Rhoades v. School District No. 9, Roosevelt County, 115 Mont. 352, 142 P.2d 890, 160 A.L.R. 1 (1943). Also the furnishing of free transportation to and from school to public school children generally has been considered to be a governmental function, and in the absence of a legislative enactment imposing liability, it is the general rule that the agency furnishing the transportation is immune from tort liability for personal injuries or deaths sustained in connection with the operaton of the transportation system. Anno., 160 A.L.R. 7, p. 197; Wilson v. Maury County Board of Education, 42 Tenn.App. 315, 302 S.W.2d 502 (1957).

■ A number of reasons have been given for the theory of governmental immunity of school districts while performing governmental functions, but the foremost one seems to be that the state is immune for tort liability because of its sovereign character. And, generally speaking, all public agencies, institutions or political subdivisions of the state partake of this sovereign immunity, at least while performing governmental functions, since, while so engaged, they merely act for the benefit of the state and of the public generally. For additional reasons see: Anno., 160 A.L.R. 7, pp. 54, 62 to 81.

It is also the general rule in the majority of states that voluntary procurement of liability insurance by governmental subdivision does not waive that unit's immunity from suit because, as it is generally stated, the power to waive such immunity lies with the legislature of each state, not with a department or department head. Holland v. Western Airlines, Inc., 154 F. Supp. 457, 460 (D.C.1967); Taylor v. State, 73 Nev. 151, 311 P.2d 733 (1957); Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S.W.2d 915 (1941); Kesman v. School Dist. of Fallowfield Tp. 345 Pa. 457, 29 A.2d 17 (1942); 68 A.L.R.2d 1445.

There are at least three lines of authority on the effect of a legislative enactment *authorizing* a governmental unit to purchase liability insurance. One line of authority holds that there is a continuation of immunity notwithstanding the authorization. Ware County v. Cason, 61 Ga.App. 15, 5 S.E.2d 597 (1939); Livingston v. Regents of New Mexico College of A. & M. A., 64 N.M. 306, 328 P.2d 78 (1958); Stephenson v. City of Raleigh, 232 N.C. 42, 59 S.E.2d 195 (1950).

Another line of authority holds that the fact that a governmental subdivision, in procuring insurance against tort liability, acted in pursuance of statutory authorization, does not *require* the conclusion that the unit's immunity from liability has been abrogated in whole or in part so long as the authorizing statute contains no express waiver. Hummer v. School City of Hartford City, 124 Ind. App. 30, 112 N.E.2d 891 (1953); Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957); Rittmiller v. School Dist. 84, 104 F. Supp. 187 (D.C.1952); McGrath Building Company v. City of Bettendorf, 248 Iowa 1386, 85 N.W.2d 616, 68 A.L.R. 2d 1429 (1957).

A third and expanding line of authority holds that to the extent liability insurance protects a governmental unit against tort liability, the otherwise existing immunity of that unit is removed. The rule of removal of immunity to the extent of insurance carried has been applied where there was statutory author-

ization to purchase such insurance, (Wilson v. Maury County Board of Education, 42 Tenn. App. 315, 302 S.W.2d 502 (1957); Molitor v. Kaneland Community Unit District No. 302, 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R.2d 469 (1959); Vendrell v. School District No. 26C, Malheur County, 226 Or. 263, 360 P.2d 282 (1961), and it has also been applied where there was no authorization to purchase liability insurance. City of Kingsport v. Lane, 35 Tenn.App. 183, 243 S.W.2d 289 (1951); Taylor v. Cobble, 28 Tenn.App. 167, 187 S.W.2d 648 (1945); Rogers v. Butler, 170 Tenn. 125, 92 S.W.2d 414 (1936). A number of states have held to this rule for some time. Anno., 68 A.L.R.2d 1437, p. 1448 (1957).

At least two other jurisdictions have recently followed this trend. In Vendrell v. School District No. 26C, Malheur County, 226 Or. 263, 360 P.2d 282 (1961), an Oregon statute authorized school districts to carry insurance for public liability and property damage covering motor vehicles operated by the district. The Oregon court there said that a district's immunity was lifted only to the extent it is authorized to purchase and in fact has obtained insurance covering the activity or activities in question.

In Maffei v. Incorporated Town of Kemmerer, 80 Wyo. 33, 338 P.2d 808 (1959), the Wyoming Supreme Court recognized the rule that voluntary procurement of liability insurance by the town did not waive its immunity from suit, but then went on to say: "The logical conclusion, therefore, is not that the acts mentioned give recognition that governmental elements are not possessed of immunity from tort action, but rather that they do have immunity which the legislature has seen fit to waive to the extent of subjecting them to a liability limited to moneys made available from insurance."

In the instant case this Court is faced with a situation dissimilar from any it has encountered in its searches. In all the cases found the statutes therein were of a permissive nature; that is, the governmental units were authorized to purchase liability in-

surance. However, the Montana statute, section 75-3406, R.C.M. 1947, is worded in mandatory language; it provides that "[A] district, owning and operating its own bus or buses, *must carry automobile bodily injury and liability insurance,* with limits of liability in the amount of not less than $7,500.00 each person and $50,000.00 each accident." (Emphasis ours)

Upon looking at the original title of what is now Title 75, Chapter 34, of the Revised Codes of Montana, 1947, it is found that the original act was entitled: "An Act Providing 'Transportation' Services for All Public School Pupils * * *" Laws of Montana, 1941, Ch. 152, p. 281. This would seem to indicate the act was meant to cover all aspects of transportation of public school pupils.

Title 75, Chapter 34, must also be read in its entirety. The whole tenor of Title 75, Chapter 34, is that it was meant to cover transportation of school pupils, which is an admitted governmental function, and not cover possible proprietary functions.

 We hold that section 75-3406, R.C.M. 1947, waived immunity to the extent of insurance required to be carried or actually carried. This holding is reinforced by an act passed by the Fortieth Legislature Assembly in 1967. Chapter 58, Laws of Montana 1967, pp. 110, 111, authorizes school districts and certain other governmental subdivisions to purchase liability insurance for protection against liability for death, injury or disability of any person or damage to property. Such insurance is to cover the school district, school officials and employees.

It would appear that Chapter 58 was meant to allow school districts to protect themselves from liability for injuries arising out of facts other than operation of school buses. However, that may be, it seems clear to this Court that the Twenty-seventh Legislative Assembly, by enacting what is now section 75-3406, R.C.M.1947, meant to require school districts to carry liability insurance to cover injuries and property damage that

might arise in connection with the operation and maintenance of school buses by the district.

Since it is clear that the liability insurance, which section 75-3406, R.C.M.1947, requires school districts to carry, was meant to cover injuries arising from the operation of school buses, this Court fails to see how it can be argued that the Legislature would require insurance to be carried and then deny any means of recovery to an individual injured in connection with the operation of a school bus. We de not think that the Legislature would, on one side, require school districts to purchase liability insurance, and then on the other side, deny any means of recovery to one injured, otherwise the Legislature would simply have meant to enrich insurance companies. This cannot be.

In Perkins v. Trask, supra, this Court recognized that there might be a waiver by implication and all the 1941 Legislative Assembly had to do was provide for waiver by implication. This, we think, that Assembly did when it enacted originally what is now sections 75-3406, R.C.M.1947.

Respondent argues that section 75-3406 did not abrogate the school district's governmental immunity, but that such immunity was abrogated by section 40-4402, R.C.M. 1947, enacted after the accident in question here. We must bear in mind, however, that section 75-3406 was also enacted in light of the Perkins case which recognized that there may be a waiver by implication. This Court feels that by enacting section 75-3406, R.C.M.1947, the Legislative Assembly meant to waive immunity to the extent of insurance required to be carried.

On the other hand, it must be remembered that section 40-4402, R.C.M.1947, was enacted as an amendment to the insurance code, not as an amendment to the school code, and it was enacted some twenty-two years later. It is beyond the power of this Court to speculate on what the 1963 Legislative Assembly thought it was doing when it enacted section 40-4402, R.C.M.1947, as an amendment to the insurance code because it is

clear to us that the governmental immunity of school districts had already been partially waived.

In the present case we hold that the Twenty-seventh Legislative Assembly by requiring school districts to carry liability insurance, waived only to the extent of insurance required or actually carried, the school district's immunity from suit.

The judgment is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

MR. JUSTICES HASWELL, ADAIR, JOHN CONWAY HARRISON and CASTLES, concur.