No. 12357

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN
and HELPERS, LOCAL #45,

Plaintiff and Appellant,

-vs-

CASCADE COUNTY SCHOOL DISTRICT NO. 1,

Defendant and Respondent,

-vs-

MONTANA PUBLIC EMPLOYEES' ASSOCIATION,
INC., a Montana corporation,

Intervener and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Intervener and Appellant:

Cannon and Garrity, Helena, Montana
Ross Cannon argued, Helena, Montana

For Defendant and Respondent:

J. Fred Bourdeau, County Attorney, Great Falls, Montana
Michael T. Greely, argued, Deputy County Attorney,
Great Falls, Montana

For Plaintiff and Appellant:

Amicus Curiae
Hilley and McKittrick, Great Falls, Montana
D. Patrick McKittrick argued, Great Falls, Montana

---

Submitted:  May 30, 1973

Filed: JUN 1 8 1973                    Decided: JUN 1 8 1973

Thomas J. Kearney
                                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a declaratory judgment in the district court of Cascade County, declaring that the members of plaintiff's union and intervener's association are not entitled as a matter of right to the vacation benefits enumerated in section 59-1001, R.C.M. 1947.

This action was submitted to the district court on an agreed statement of facts. Plaintiff's members and intervener's members are employed by defendant Cascade County School District No. 1 on a full time basis in nonteaching capacities. These employees receive vacation benefits under administrative regulations of the school district as part of contract negotiations, rather than pursuant to the provisions of section 59-1001, R.C.M. 1947.

The main issue for review is whether full time employees in nonteaching capacities of defendant School District are entitled as a matter of right to the vacation benefits enumerated in section 59-1001, R.C.M. 1947. The secondary issue is whether they are entitled to these benefits retroactive to the date of their employment.

In 1949, the Montana legislature passed an Act providing annual vacation leave for state, county and city employees. Chapter 131, Laws of 1949, now codified as section 59-1001, et seq., R.C.M. 1947. The pertinent sections are:

> "Section 59-1001(1). Each employee of the state, or any county or city thereof, who is in continuous employment and service of the state, county or city thereof, is entitled to and shall earn annual vacation leave credit from the first full calendar month of employment. However, employees are not entitled to any leave with full pay until they have worked continuously for a period of twelve (12) calendar months. Vacation credits shall be earned in accordance with the following schedule: * * *.
>
> "* * *

"Section 59-1007. The term 'employee,' as used herein, does not refer to or include elected state, county, or city officials, or school-teachers."

The district court concluded and defendant now contends that the "schoolteachers" referred to in the Act are those teachers who work for the State Department of Institutions or other schoolteachers employed by the state of Montana, rather than schoolteachers employed by the various school districts. Therefore, the school district concludes that the exclusion of schoolteachers in section 59-1007, R.C.M. 1947 does not imply inclusion of all other school district employees. The district court further concluded that plaintiff's members and intervener's members cannot be included by implication. We do not agree.

It is a basic principle of statutory construction that the intention of the legislature is controlling. Section 93-401-16, R.C.M. 1947; Dunphy v. Anaconda Co. 151 Mont. 76, 438 P.2d 660. In construing legislative intent statutes must be read and considered in their entirety and legislative intent may not be gained from the wording of any particular section or sentence, but only from a consideration of the whole. Home Bldg. & Loan v. Bd. of Equalization, 141 Mont. 113, 375 P.2d 312.

On the other hand, where the words of the statute are plain, unambiguous, direct and certain, the court is not at liberty to insert what has been omitted, or to omit what has been inserted. Section 93-401-15, R.C.M. 1947.

In the instant case, we hold that school district employees other than teachers are entitled to vacation benefits under section 59-1001, R.C.M. 1947. In doing so, this Court has given effect to a long line of this Court's decisions holding that a school district is a political subdivision and instrumentality of the State. Longpre v. School Dist. No. 2, 151

- 3 -

Mont. 345, 443 P.2d 1; Fitzpatrick v. State Bd. of Exmrs.,
105 Mont. 234, 70 P.2d 285; State v. Cooney, 102 Mont. 521, 59
P.2d 48; State v. Holmes, 100 Mont. 256, 47 P.2d 624.

The legislature used the term "employees" in its generic
sense to include all employees of the state or employees of
state agencies of which a school district is included.  This in-
terpretation is given further support by the language of section
59-1007, R.C.M. 1947, wherein schoolteachers are specifically
excluded.  The nonteaching school district employees are includ-
ed by the definition of employees as used in section 59-1001,
R.C.M. 1947.

We cannot accept the limited interpretation sought by
the defendant School District.  The court's function is to
construe the language of the statute in accordance with its
usual and ordinary acceptance.  County of Hill v. County of
Liberty, 62 Mont. 15, 203 P. 500.  Schoolteachers in its common
usage refers to those teaching at district schools as well as
in the State's system of higher education.  Thus we conclude
that nonteaching school district employees are employees of an
agency of the state government and entitled to the vacation
schedule set forth therein.

The second issue presented for review is whether the
plaintiff's members and the intervener's members are entitled
to the benefits of section 59-1001, R.C.M. 1947, retroactive to
the date of their employment.

While the question of whether school district employees
other than certified teachers are governed by this Act is here
before this Court for the first time, the Attorney General has
rendered several opinions supporting this position.  This Court
is not bound by these opinions but they will be given consider-
ation, especially when determining if this decision should be
applied retroactively.

- 4 -

As early as 1950, the Attorney General for the State of Montana issued opinions declaring that noncertified employees of school districts are entitled to the benefits of section 59-1001, R.C.M. 1947. In 23 Opinions of the Attorney General 345, 346, it was stated:

> "Since a school district is a political subdivision of the State it is only reasonable to assume that the Legislature intended that the employees of a school district were included in the category of State employees as provided in the Act. That assumption is strengthened by the language of Section 7 of Chapter 131 wherein the Act specifically excludes school teachers from the operation of the Act. Since the law makers deemed it necessary to specially withhold the benefits of the Act from school teachers, it follows therefrom that it was their intention that the remaining employees of the school districts should be entitled to vacation leave."

This conclusion has been reemphasized several times since then. See 25 Op. Att'y Gen. 123 (1954); 27 Op. Att'y Gen. 184 (1958), 28 Op. Att'y Gen. 133 (1960), 31 Op. Att'y Gen. 31 (1966).

Due to the fact that several opinions of the Attorney General have been issued on this or related matters and that this Court has long held that a school district is a political subdivision of the State, we see no reason why the school district was unaware of the application of the statute to their nonteaching employees.

Additionally eleven sessions of the State legislature have not seen fit to change this interpretation of the Attorney General and the previous decisions of this Court. Our decision does not take away or impair a vested right or create any new obligation upon the school district. Butte & Superior Min. Co. v. McIntyre, 71 Mont. 254, 229 P. 730. It merely enforces the rights which were created by the 1949 legislature.

Plaintiff's members and intervener's members are entitled to the vacation benefits of section 59-1001, R.C.M. 1947, retroactive to the date of their employment subject to the two year statute

of limitation placed upon a liability created by statute (Section 93-2607, R.C.M. 1947) and reduced by the vacation benefits received under contract negotiations or administrative regulations.

For these reasons the judgment of the district court is reversed and the cause remanded to the district court for entry of judgment in accordance with this opinion.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices