No. 13797

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

BURLINGTON NORTHERN INC., a corporation,

Plaintiff and Appellant,

-vs-

FLATHEAD COUNTY et al.,

Defendants and Respondents,

and

COMMUNITY COLLEGE DISTRICT OF FLATHEAD
COUNTY, MONTANA, FLATHEAD VALLEY COMMUNITY
COLLEGE,

Intervenor.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Gough, Shanahan, Johnson & Waterman, Helena, Montana
Ward Shanahan argued and Daniel C. Murphy argued,
Helena, Montana

For Respondent:

Louis Forsell argued, Helena, Montana
R. Bruce McGinnis, Helena, Montana
Patrick Springer, County Attorney, Kalispell, Montana

---

Submitted: January 23, 1978

Decided: FEB 2 3 1978

Filed: FEB 2 3 1978

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Burlington Northern, Inc. appeals from an order of the District Court of the eleventh judicial district of the State of Montana, in and for the County of Flathead, granting summary judgment in favor of Flathead County and others in a suit brought by Burlington Northern to recover certain taxes paid under protest.

Burlington Northern was and is the owner of certain property located in Flathead County, Montana. In setting levies to finance the 1974-75 budget of the Flathead Valley Community College District, the Board of County Commissioners and Flathead County approved an item of $42,042.00 as the District's teachers' retirement fund contribution. In addition to levies for the general fund, the building debt service, and adult education, the Board authorized a separate levy of .768 mills to finance the teachers' retirement fund contribution. Flathead County assessed Burlington Northern $1,320.02 as its share of this levy. On November 30, 1974, Burlington Northern paid $660.02 of this amount under protest.

On January 15, 1975, Burlington Northern filed suit against Flathead County, the Flathead County Treasurer, and the Montana Department of Revenue, to recover the $660.02 and certain other taxes it had paid under protest. Plaintiff's claim for the $660.02 was submitted to the District Court upon written briefs and an agreed statement of the facts. On February 2, 1976, the District Court made findings of fact and conclusions of law, and denied plaintiff's motion for summary judgment.

The Community College District of Flathead County, Montana, Flathead Valley Community College, then intervened as a defendant. On August 24, 1976, the District Court entered an order adopting its findings of fact and conclusions

- 2 -

of law of February 2, 1976, and granting summary judgment in defendants' favor. Burlington Northern appealed.

The only issue on appeal is whether, under the applicable 1974 statutes, the Flathead County Board of County Commissioners had authority to levy a special tax to finance the Flathead Valley Community College District's teachers' retirement fund contribution separate from other levies it made to finance the District's general fund, building debt service and adult education program.

All parties agree that community college districts are subject to the provisions of the teachers' retirement system and that community college teachers are eligible for the benefits provided under that system. See section 75-8120, R.C.M. 1947. Their disagreement is as to how the community college district and the county may _finance_ the required contribution. Burlington Northern contends that the county has no specific and clear authority, as is required by law, to levy a special tax to finance the teachers' retirement fund contribution, and that consequently such a contribution must be financed from the community college district's general fund. The defendants counter that adequate statutory authority exists which allows the county to levy such a special tax. We agree with defendants and, therefore, affirm the District Court's order granting defendants summary judgment.

Prior to 1971, community colleges operated under and were governed by the same statutes as were high school districts. When first organized, community colleges, or junior colleges as they were then called, were under the supervision of the state superintendent of public instruction. 1939 Mont. Laws, Ch. 158, §7. In 1965, the legislature placed them under the supervision of the state board of

education.  1965 Mont. Laws, Ch. 274, §2.

In 1971, the legislature recodified all laws relating to school districts.  1971 Mont. Laws, Ch. 5, §1-496.  Under this recodification, the state board of education initially was to retain supervision over community colleges.  1971 Mont. Laws, Ch. 5, §450 (codified at section 75-8103, R.C.M. 1947, amended 1971).  Also, community colleges were to be budgeted and financed under high school district budgeting and financing provisions.  1971 Mont. Laws, Ch. 5, §468 (codified at section 75-8121, R.C.M. 1947, repealed 1971).  Later in the same session, however, the legislature passed a bill introduced in response to the 1969 Senate Education Committee's desire to spend State Foundation Program moneys exclusively for the public school systems through grade twelve and to separately finance community college districts.  Senate Committee on Education, Hearings on S.B. 56, A Report to the 1971 Montana Legislature (Financing Montana Community Colleges) at p. 3, Forty-second Session. (January 19, 1971.)

As a result the 1971 legislature made two changes in its earlier recodification of school laws.  First, it placed community  colleges under the supervision of the board of regents, 1971 Mont. Laws, Ch. 406, ¢1 (codified at section 75-8103, R.C.M. 1947).  Second, it repealed section 75-8121 (which provided for financing community college districts under high school budgeting and financing provisions) and replaced it with a new system for financing community college districts separately from the School Foundation Program.  1971 Mont. Laws, Ch. 401, §§1-8 (codified at sections 75-8127 to 75-8133, R.C.M. 1947.)

Burlington Northern argues that section 75-8121, which made high school district budgeting and financing provisions applicable to community college districts, provided the "only possible authority" for Flathead County to levy a special tax to finance the community college district's

teachers' retirement fund contribution. When the 1971 legislature repealed section 75-8121, its replacement sections did not contain language making high school district financing provisions applicable. See 1971 Mont. Laws, Ch. 401, §§1-8 (codified at sections 75-8127 to 75-8133, R.C.M. 1947). Burlington Northern contends that the legislature intended to limit community college districts to the financing procedures outlined in Chapter 401. Consequently, it concludes authority no longer exists for Flathead County to make such a levy.

This line of argument completely ignores the effect of section 75-6207(3)(b), R.C.M. 1947. That section requires community college districts to "budget and pay for the employer's contribution" to the pension accumulation fund of the teachers' retirement system "under the provisions of section 75-7204." Section 75-7204 and related sections are the same sections under which high school districts finance their contributions to the teachers' retirement system. Section 75-6207(3)(b).

Plaintiff next argues that neither sections 75-6207(3)(b), 75-7204, nor 75-6717, R.C.M. 1947, authorize Flathead County to levy a special tax to finance Flathead Valley Community College District's teachers' retirement fund contribution. In analyzing these statutes we note certain rules applicable to construing tax statutes. Before a governing body may impose a tax, it must have clear and specific authority providing for the imposition of that tax. Swartz v. Berg (1966), 147 Mont. 178, 182, 411 P.2d 736, 738; U. S. Gypsum Co. v. Brd. Equalization (1944), 116 Mont. 275, 280, 149 P.2d 774, 776. Also, tax statutes are to be strictly construed against the taxing authorities and in favor of the taxpayer. Swartz v. Berg, supra.

As examples of what it considers clear and specific

authority for imposing a tax, plaintiff points to sections 75-7207 and 75-7709(2), R.C.M. 1947. Section 75-7207, concerning adult education, provides that the trustees of a district "may authorize the levy of a tax * * *.". Section 75-7709(2), concerning post-secondary vocational-technical centers, provides that the board of county commissioners "is hereby authorized to levy a tax. * * *"

We do not think that to have a validly authorized tax, the rules for construing tax statutes restrict the legislature to the use of such language. Although the authority in sections 75-6207(3)(b), 75-7204, and 75-6717 is not spelled out as directly as in those statutes pointed to by the plaintiff, we think it is nevertheless clear and specific.

Chapter 62 of Title 75, R.C.M. 1947, establishes the teachers' retirement system. Section 75-6207, entitled "Method of financing", sets out the various funds to be maintained by the teachers' retirement system. Subsection (3)(b) of that section requires community college districts to "budget and pay for the employer's contributions" to the pension accumulation fund "under the provisions of section 75-7204."

Section 75-7204, entitled "Retirement fund", is included within the chapter on "Elementary Tuition and Special Purpose Funds". It requires the trustees of a community college district to establish a retirement fund "for the purposes of budgeting and paying the employer's contributions" to the teachers' retirement system, to calculate such contributions in accordance with section 75-6207, to adopt a retirement fund budget, and to pay their employer contributions in accordance with certain financial administration provisions. Once the trustees have adopted such a budget, the county superintendent must establish the retirement fund levy requirement according to a prescribed formula and report it

- 6 -

to the county commissioners as the levy requirement for the community college district retirement fund. The county commissioners are then directed to "fix and set such county levy in accordance with section 75-6717."

Section 75-6717, R.C.M. 1947, entitled "Fixing and levying tax levies by board of county commissioners", requires the board of county commissioners to "fix and levy on all the taxable value of all the real and personal property within a district or the county, * * * all district and county taxation required to finance, within the limitations provided by law, the final budgets and any emergency budgets of all districts of the county."

Plaintiff argues that the verb "to pay" as used in section 75-6207(3)(b) has a different meaning than the verb "to finance" and that this Court may not construe the one to mean the other. While this may be so in their abstract definitions, these words must be interpreted within the contexts in which they are used. Section 75-6207(3)(b) establishes how community college districts are to "pay for" its teachers' retirement fund contributions. In this sense, we understand the phrase "pay for" to mean "finance".

Plaintiff contends that section 75-7204 does not authorize a special levy but only establishes a reporting mechanism whereby the county superintendent determines the amount necessary to fund retirement contributions and reports it to the county commissioners. The mere existence of a fund, it reasons, does not authorize a special levy to finance that fund.

Section 75-7204, however, does more than create a retirement fund and establish a reporting system. It directs the county superintendent to determine the "retirement fund levy requirement" necessary to meet the retirement fund budget and then directs the county commissioners to "fix and

set" the retirement fund levy in accordance with section 75-6717. Section 75-6717 provides when the county commissioners shall levy on taxable property within the district.

We think this language is sufficient to authorize the county commissioners to levy a special tax to finance community college districts' teachers' retirement fund contributions.

Judgment affirmed.

_____
Justice

We concur:

_____
Acting Chief Justice

_____

_____
Justice