No. 84-32

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

CHARLES D. RIPPEY,

        Plaintiff and Appellant,

  -vs-

BOARD OF TRUSTEES OF FLATHEAD
VALLEY COMMUNITY COLLEGE,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
            In and for the County of Flathead,
            The Honorable James M. Salansky, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hilley & Loring; Emilie Loring, Great Falls, Montana

    For Respondent:

        Jonathan B. Smith, Deputy County Attorney, Kalispell,
        Montana

---

Submitted on Briefs:  March 30, 1984

Decided:  June 8, 1984

Filed:  JUN 8 - 1984

*Ethel M. Harrison*
-----------------------------
           Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal originated in the District Court of the Eleventh Judicial District of the State of Montana, in and for the County of Flathead. Appellant brought this action for payment of accumulated unused sick leave at the termination of his employment. The trial court granted the College's motion to dismiss, and this appeal followed.

Appellant was an instructor at the Flathead Valley Community College in Kalispell, Montana. At the end of the 1982-1983 academic year, his employment was terminated by the College as part of a retrenchment plan. Upon termination, he requested payment for the amount of unused sick leave he had accumulated to that point. The College refused the request, reasoning that appellant was a "schoolteacher" under section 2-18-601(2), MCA, and, as such, was exempted from the State's sick leave plan. Appellant filed a complaint in the District Court seeking payment, and the College moved to dismiss the complaint for the same reasons it had originally denied appellant's request. The District Court dismissed the complaint on the grounds forwarded by the College, and this appeal follows.

The applicable Montana code sections appear in Chapter 18 of Title 2, entitled "State Employee Classification and Benefits." Part 6 of the chapter is titled "Leave Time" and section 2-18-618, MCA, sets forth the provisions for entitlement to sick leave. Section 2-18-618, MCA, allows State employees compensation for accumulated sick leave. However, section 2-18-601(2), MCA, defines a State employee to exclude "schoolteachers" for this purpose. The issue thus becomes whether community college faculty members are

2

"schoolteachers" and therefore excluded from the State's sick leave plan under section 2-18-601(2), MCA.

To decide this issue it becomes necessary to look to the history of the community college in this State. Under our statutes, the community college legal status is a hybrid. A community college is neither a high school nor an admitted part of the university system; however, it is answerable to the Board of Regents. In addition, and perhaps more important, it is partially financed by State funds.

This Court in the case of Burlington Northern, Inc. v. Flathead County (1978), 176 Mont. 9, 575 P.2d 912, reviewed the legal history of the community college in a case involving the financing of teachers' retirement. There we noted:

> "Prior to 1971, community colleges operated under and were governed by the same statutes as were high school districts. When first organized, community colleges, or junior colleges as they were then called, were under the supervision of the state superintendent of public instruction. 1939 Mont.Laws, Ch. 158, §7. In 1965, the legislature placed them under the supervision of the state board of education. 1965 Mont. Laws, Ch. 274, §2.
>
> "In 1971, the legislature recodified all laws relating to school districts. 1971 Mont.Laws, Ch. 5, §§ 1-496. Under this recodification, the state board of education initially was to retain supervision over community colleges. 1971 Mont.Laws, Ch. 5, § 450 (codified at section 75-8103, R.C.M. 1947, amended 1971). Also, community colleges were to be budgeted and financed under high school district budgeting and financing provisions. 1971 Mont.Laws, Ch. 5, § 468 (codified at section 75-8121, R.C.M. 1947, repealed 1971). Later in the same session, however, the legislature passed a bill introduced in response to the 1969 Senate Education Committee's desire to spend State Foundation Program moneys exclusively for the public school systems through grade twelve and to separately finance community college districts. Senate Committee on Education, Hearings on S.B. 56, A Report to the 1971 Montana

Legislature (Financing Montana Community Colleges) at p. 3, Forty-second Session. (January 19, 1971.)

"As a result the 1971 legislature made two changes in its earlier recodification of school laws. First, it placed community colleges under the supervision of the board of regents, 1971 Mont.Laws, Ch. 406, § 1 (codified at section 75-8103, R.C.M. 1947). Second, it repealed section 75-8121 (which provided for financing community college districts under high school budgeting and financing provisions) and replaced it with a new system for financing community college districts separately from the School Foundation Program. 1971 Mont.Laws, Ch. 401, §§ 1-8 (codified at sections 75-8127 to 75-8133, R.C.M. 1947.)" 176 Mont. at 11-12, 575 P.2d at 913-914.

As noted above, the legislature has put community colleges under the supervision of the Board of Regents, section 20-15-103, MCA; the course of instruction, tuition and fees must be approved by the Board of Regents, section 20-15-105, MCA; part of the funding comes from the State general appropriations act, section 20-15-310, MCA; and the operating budget must be submitted to the Board of Regents for approval, section 20-15-312, MCA. All of this indicates the community college educational staff members are not in a strict legal sense "schoolteachers" since they are ultimately answerable to the Board of Regents.

Counsel for the respondent argues that three cases of this Court apply, and their holdings deny appellant sick leave. Those cases are: Finley v. School District No. 1 (1915), 51 Mont. 411, 153 P. 1010; Teamsters v. Cascade County School District No. 1 (1973), 162 Mont. 277, 511 P.2d 339; and Bitney v. School District No. 44 (1975), 167 Mont. 129, 535 P.2d 1273. A reading of those cases shows they are not applicable to the facts here. Finley, supra, dealt with whether or not a school district could contract to pay a

4

grade school teacher on a twelve-month basis. Teamsters, supra, involved whether or not custodians were to be entitled as teachers to vacation benefits enumerated in section 59-1001, R.C.M. 1947. Bitney, supra, involved a school superintendent and whether or not he was allowed sick leave. We found he had a contract that "provided regular full sick leave allowed other teachers in the school system." Therefore, these cases are of no assistance in interpreting the statute as it relates to a community college faculty member.

Looking to our statutory provision for interpretation, section 1-2-106, MCA states:

> "Words and phrases used in the statutes of Montana are construed according to the context and the approved usage of the language, but technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law or are defined in chapter 1, part 2, as amended, are to be construed according to such peculiar and appropriate meaning or definition."

Section 20-1-101(20), MCA, states:

> "'Teacher' means any person, except a district superintendent, who holds a valid Montana teacher certificate that has been issued by the superintendent of public instruction under the provisions of this title and the policies adopted by the board of public education and who is employed by a district as a member of its instructional, supervisory, or administrative staff. This definition of a teacher shall also include any person for whom an emergency authorization of employment of such person has been issued under the provisions of 20-4-111."

We find that the plain and ordinary meaning of "schoolteachers" does not encompass higher education faculty, including a community college faculty member. This is especially true in light of the above-noted relationship between the Board of Regents and Montana's community colleges. Community college

educational staff members are State "employees" for purposes of entitlement to payment for accumulated sick leave.

The judgment of the District Court is reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6