No. 86-521

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

MOUNTAIN VIEW EDUCATION ASSOCIATION,

       Plaintiff and Respondent,

  -vs-

MOUNTAIN VIEW SCHOOL, DEPARTMENT OF
INSTITUTIONS, STATE OF MONTANA,

       Defendant and Appellant,

  and

DEPARTMENT OF ADMINISTRATION,
STATE PERSONNEL DIVISION,

APPEAL FROM: District Court of First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nick Rotering, Dept. of Institutions, Helena, Montana
        Kathleen F. Holden, Dept. of Administration, Helena

    For Respondent:

        Hilley & Loring; Emilie Loring, Great Falls, Montana

Submitted on Briefs: Feb. 26, 1987

Decided: June 26, 1987

Filed: **JUN 2 6 1987**

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mountain View School and the Departments of Administration and Institutions appeal an order issued by the District Court of the First Judicial District Court, Lewis and Clark County, holding that individuals employed to teach at Mountain View School are not "schoolteachers" under § 2-18-601(2), MCA, and are therefore entitled to benefits provided for other state employees under Title 2, Ch. 18, Part 6, MCA. We affirm.

The single issue raised in this case is whether the faculty employed by the State at Mountain View School are "schoolteachers" under § 2-18-601(2) and are therefore excluded from the state employee benefit provisions of § 2-18-600, et seq., MCA.

Mountain View School is a state correctional facility for juveniles established by the Department of Institutions. The Mountain View Education Association (MVEA) is the bargaining representative for the nonsupervisory teachers employed at Mountain View. The teachers at Mountain View do not receive the leave time benefits provided state employees in § 2-18-601, et seq. because the definition of employee in § 2-18-601(2) specifically excludes "schoolteachers."

In March, 1985, the MVEA filed a motion for declaratory judgment seeking to have the teachers they represent declared entitled to the state employee benefits provided in § 2-18-601, et seq. The parties stipulated the legal issues and the facts necessary to decide it. On August 13, 1986, the District Court declared that the teachers were entitled to the benefits. The State Departments of Administration and Institutions appeal.

Chapter 18 of Title 2 concerns state employee classification, compensation and benefits. Part 6 involves leave time. The statute in issue is definitional, stating:

> "'Employee' means any person employed by an agency except elected state, county, and city officials, schoolteachers, and persons contracted as independent contractors or hired under personal services contracts. (Emphasis added.)

Section 2-18-601(2), MCA.

It is the State's position that this language excludes Mountain View faculty from the scope of the state employee leave plan. The State argues that when the term schoolteacher is interpreted in its plain and ordinary meaning, as it should be since it is not statutorily defined, Mountain View faculty are explicitly excluded because they, like other schoolteachers, teach school. The State cites §§ 1-2-106 and -107 in support of their argument. Section 1-2-106 states:

> Words and phrases used in the statutes of Montana are construed according to the context and the approved usage of the language, but technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law or are defined in chapter 1, part 2, as amended, are to be construed according to such peculiar and appropriate meaning or definition.

The State's point is that "schoolteacher" is not defined in Chapter 1 and it is not a technical term, hence it must be construed according to its plain and ordinary meaning. The State then cites Webster's New World Dictionary defining schoolteacher as "one who teaches in a school" and teacher as "one who teaches, especially as a profession."

While it is true that the word "schoolteacher" itself is not defined anywhere in the code, the word "teacher" is, in the title on Education, Title 20. Section 20-1-101(20), MCA, states:

> "Teacher" means any person, except a district superintendent, who holds a valid Montana teacher certificate that has been issued by the superintendent of public instruction under the provisions of this title and the policies adopted by the board of public education <u>and</u> <u>who</u> <u>is</u> <u>employed</u> <u>by</u> <u>a</u> <u>district</u> as a member of its instructional, supervisory, or administrative staff . . . (Emphasis added.)

The prefatory sentence to the various definitions, including "teacher," found in § 20-1-101 is "<u>as used in this title</u>, unless the context clearly indicates otherwise, the following definitions apply:" Although such a preface might be considered as limiting the definition of "teacher" only to those covered in Title 20, it is clear that if the teachers at Mountain View are indeed teachers as defined by this statute, then they <u>are</u> covered in Title 20. They cannot meet the definition, however, because they are not employed by a school district. In consequence we hold that despite the prefatory statement in § 20-1-101, a "teacher" must meet the definition in that section for the state laws defining teachers to apply to employees of Mountain View. We are buttressed in this holding by the language of § 1-2-107:

> Whenever the meaning of a word or phrase is defined in any part of this code, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.

Both parties rely on Rippey v. Flathead Valley Community College (Mont. 1984), 682 P.2d 1363, 41 St.Rep. 1117 to support their opposite conclusions. In <u>Rippey</u>, the issue was whether community college faculty were schoolteachers, and therefore excluded from the state employee's entitlement to compensation for accumulated sick leave. This Court examined the definition of teacher given in § 20-1-101(20) and held that "the plain and ordinary meaning" of schoolteacher did

not include community college faculty members, because of the relationship between the Board of Regents and Montana's community colleges. The Court noted that the factor distinguishing community college faculty from schoolteachers is that the faculty are "ultimately answerable" to the Board of Regents. This Court recognizes a similiar distinction in the statutory language that "teachers" are "employed by a [school] district." The faculty at Mountain View are not employed by a school district. Their school is administered by the State Departments of Institutions and Administrations. The MVEA relied on this distinction to support their position. The State relied on the Rippey Court's use of the phrase "plain and ordinary meaning" in an out of context fashion to support theirs.

We uphold the District Court's application of the distinction drawn in Rippey. The instructors at Mountain View are not employed by a school district. Instead, they are state employees subject to the direction of the Departments of Administration and Institutions. As state employees they do not fall within the statutory definition of "teachers" under § 20-1-101(20), MCA. Hence they are entitled to leave benefits provided for other state employees under Title 2, Chapter 18, Part 6, MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

- 5 -

_____

_____

_William E. Huntsberger_
Justices

- 6 -

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

In my view, the majority, by interpreting the phrase "school teachers" to include only those teachers employed by a school district has done violence to the separation of powers doctrine.

The Thirty-first Legislative Assembly added the words "or school teachers" in Section 7, Chapter 131, Laws 1949. Chapter 131 is entitled in pertinent part "An Act Relating To Annual Vacation Leave for State, County, and City Employees . . . ," and Section 7, after amendment, states: "The term 'employee' as used herein, does not refer to or include elected state, county, or city officials, or school teachers."

By its very heading, the act could not be construed as providing vacation leave for school teachers employed by a school district. It could, however, prior to amendment, be construed as providing vacation leave for a school teacher employed by the state, county, or city. In my opinion, the addition of the words "or school teachers" in the exclusion section must be given some effect, whereas the majority opinion treats those words as nonexistent.

Section 53-30-207, MCA, applicable to Mountain View and Pine Hills Schools, requires that:

> The academic and vocational curricula in facilities containing academic and vocational training shall include such academic and vocational subjects as are taught in the public schools of the state and shall conform to the standards set by the board of public education.

The teachers employed at the two state schools are required to be certified in the same manner as all teachers

7

employed in the public schools of the state, and are represented by the Mountain View Education Association, affiliated with the Montana Education Association. The Collective Bargaining Agreement between the State of Montana and the Mountain View Education Association provides for 185 work days per teacher work year and specifically covers employee benefits as follows: Sick leave, family sick leave, maternity leave, jury duty, military leave, leave for public office, professional staff development, training, leave of absence, and paid release time for mediation and fact finding. The detailed arbitration provisions declare that no arbitrator shall have the power to add to, detract from, or modify the terms of the agreement.

To define the words "school teacher" to exclude any certified teacher who is employed by an agency other than a school district is, in my opinion, a denigration of the collective bargaining process.

_____
Justice

8