## WARE COUNTY *v.* CASON.

No. 12820.  OCTOBER 11, 1939.

*J. H. Quarterman, Bryan, Middlebrooks & Carter,* and *John A. Dunaway,* for plaintiff in error.

*Mack Barnes, Wright Izlar, Douglas Hereford,* and *Dudley Cook,* contra.

ATKINSON, Presiding Justice.  The following questions were propounded by the Court of Appeals as necessary to a proper decision of the case: "1. . Where a county is authorized but not compelled by law to build, maintain, and operate a hospital for pay and charity patients, is it liable for damages and subject to suit for injury to a pay patient, due to its negligence in the operation of the hospital in connection with a duty owed to the patient, when the hospital is operated primarily for charitable purposes? 2. Is it liable for damages and subject to suit if the hospital is operated primarily for profit? 3. Does Code § 23-1502, which provides: 'A county is not liable to suit for any cause of action unless made so by statute,' refer to causes of action arising out of the negligent performance of authorized but not compulsory, ministerial, or proprietary functions, as distinguished from governmental functions?"

These questions involve an action ex delicto for damages arising from injury caused by negligence of the county in operating the hospital. The county being "authorized . . by law to build, maintain, and operate a hospital," as stated in the first question, it is to be assumed that the power to do all those things is conferred upon the county as a political division of the State. The Code, § 23-1502, providing that a county is not liable to suit for any cause of action unless made so by statute, includes ex delicto causes of action such as "causes of action arising out of the negligent performance of authorized but not compulsory, ministerial, or proprietary functions, as distinguished from governmental functions" (in the instant case operating a hospital), whether the

hospital be operated "primarily for charitable purposes," or operated "primarily for profit."

There is a statute which, on the basis of distinction between governmental functions of municipal corporations and ministerial acts, inhibits municipal liability for damages flowing from breach of duty in regard to the former, and imposes municipal liability for breach of duty in regard to the latter. Code, § 69-301; *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415). But there is no such statute relating to counties and no statute making a county liable to suit for tort based on negligence in operating a hospital causing injury to a pay patient therein. See *Purser* v. *Dodge County,* 188 *Ga.* 316 (3 S. E. 2d, 574). The case differs on its facts from *Wood* v. *Floyd County,* 161 *Ga.* 743 (131 S. E. 882) ; *Decatur County* v. *Praylor &c. Contracting Co.,* 163 *Ga.* 929 (137 S. E. 247) ; *Lynch* v. *Harris County,* 188 *Ga.* 651 (4 S. E. 2d, 573), and cit. The discussions in those cases dealt with various phases of liability of counties to suit, but they do not require a ruling different from that stated above in the instant case.

Questions 1 and 2 answered in the *negative* and question 3 answered in the *affirmative.* *All the Justices concur.*