## 27394. WARE COUNTY v. CASON.

Decided November 4, 1939.

*J. H. Quarterman, Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*Mack Barnes, Wright Izlar, Douglas Hereford, Dudley Cook,* contra.

FELTON, J. This action was brought against Ware County, for injuries received by a patient in the Ware County Hospital. The county was authorized by a constitutional amendment to operate the hospital, but the amendment made no provision for suits against the county for negligence of its employees in the operation

of the hospital. Counsel for the injured party recognized that the county could not be sued unless there was statutory authority for such a suit, and brought this suit on the theory that since the county had procured insurance for the protection of patients in the hospital, this action could be maintained for the purpose of fixing the liability of the county, and that the collection would be had from the insurance company.

1. The suit was for personal injuries alleged to have arisen by reason of the negligence of Ware County in the performance of a duty owed to a pay patient of a hospital operated by it under constitutional authority. Under the ruling of the Supreme Court in answer to certified questions in this case (*Ware County* v. *Cason,* 189 *Ga.* 78, 5 S. E. 2d, 339), the petition set forth no cause of action on the theory that the county was subject to suit on a claim collectible by a judgment against it having the force and effect of a common-law judgment.

2. In circumstances where a county is not subject to suit for injuries complained of, there is no provision of law authorizing a court of law to "fix the liability" of an insurance company under a policy indemnifying the county against loss by reason of such injuries, and agreeing to pay patients for injuries received in a case where the insurance company is not a party. The court which passes upon the ultimate liability of the insurance company must also decide on the existence and the amount of such liability, in the absence of statutory provision to the contrary.

3. The petition set forth no cause of action against Ware County. The court erred in overruling the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*