ARNOLD *v.* WALTON *et al.,* Commissioners.

No. 16683.  JUNE 15, 1949.  REHEARING DENIED JULY 14, 1949.

*Edwin A. Rogers* and *Leonard Farkas & Walter H. Burt,* for plaintiff.

*Jones, Jones & Sparks,* and *J. W. Dennard,* for defendant.

WYATT, Justice. ■ Many procedural questions are raised by the demurrer, such as, that a common-law suit for damages cannot be converted by amendment into a suit in equity; and that new and distinct defendants were being added by amendment. We pass over these questions and go directly to the main legal question involved. Was this in effect a suit against Crisp County; and, if so, can it be maintained under the facts in this case?

The hydro-electric plant in question came into existence by virtue of a constitutional amendment (Ga. L. 1925, p. 72). It is there provided that "the County of Crisp" may incur a bonded indebtedness not to exceed the sum of one million two hundred and fifty thousand dollars, the bonds to be known as Hydro-Electric Power Bonds, to be signed by the chairman and clerk of the Board of Commissioners of Roads and Revenues. The right of eminent domain is conferred upon Crisp County for the purpose of acquiring sites, and for other enumerated purposes. "Said County of Crisp" is authorized to engage in the business to be operated. The bonds are to be retired from the net proceeds of the operation of the business, if sufficient to do so; but if not, "the taxing authorities of said County of Crisp" are required to levy a tax for the payment of the bonds. "A Power Commission" is provided for, to be composed of seven members "to consist of the members of the Board of Commissioners of Roads and Revenues of said county as constituted from time to time and four other citizens of Crisp County, who shall be elected by the grand jury of said county." The Power Commission is then authorized to construct and operate the hydro-electric plant.

We think that it is clearly apparent from what has been said above that the hydro-electric plant in question was a Crisp County undertaking. The property is owned by the county; the duty of retiring the bonds is that of Crisp County, with the duty imposed, if necessary, to levy a general property tax for that purpose. The Power Commission is the Board of Commissioners of Roads and Revenues, with four other people selected by the

grand jury. This commission certainly does not own the property; and the duties of the commission are wholly ministerial. This being true, the suit is in effect one against Crisp County.

The next question presented is, can this suit be maintained against Crisp County? The constitutional amendment of 1925, supra, makes no provision for a suit against the county of the nature here sought to be maintained. No provision for suits of any kind appears in the law creating the hydro-electric plant.

The Code, § 23-1501, provides: "Every county is a body corporate, with power to sue or be sued in any court." Section 23-1502, provides: "A county is not liable to suit for any cause of action unless made so by statute."

This court, in *Scales* v. *Ordinary of Chattahoochee County*, 41 *Ga.* 225, said: "Counties, as corporations, stand upon an entirely different footing. They are . . mere subdivisions of the State. . . The State is never suable except by express enactment, and this is also true of subdivisions of the State. . . We are the more clear in this view of the law, from the fact that the Code provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair. . . It seems to us that the declaration of the Code, that the county shall be liable in these two cases, is a strong legislative intimation that it was not liable in other cases." There is a long line of decisions by this court following the reasoning announced in the case cited, including *Tounsel* v. *State Highway Department*, 180 *Ga.* 112 (178 S. E. 285), and *Ware County* v. *Cason*, 189 *Ga.* 78 (5 S. E. 2d, 339), where most of the decisions on this question are collected and cited.

Since the legislative branch of the State, when enacting the law creating the Crisp County hydro-electric plant, did not see fit to provide by statute for suits against the county in case of negligence, we are forced to hold that a suit for damages of the kind here involved cannot be maintained against Crisp County.

■ Notwithstanding the rule that a suit against a county cannot be maintained unless there is legislative authority for so doing, it is contended that this suit can be maintained, and the insurance company made a party defendant, for the reason that the Power Commission secured a public-liability insurance policy,

in which the insurance company agreed not to plead as a defense the immunity thus granted to counties by law.

By amendment, the petition alleges that the insurance company is furnishing counsel and is defending the suit, and, in view of the provisions of the contract of insurance, is estopped from pleading that the county is immune from suit. The insurance company, by amendment, is sought to be made a party defendant.

The contract of insurance, which is made a part of the petition, provides in part that the insurance company agrees "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined." The contract further provides: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability."

Finally, the contract of insurance provides: "It is hereby agreed that the company will not, in case of loss or damage arising under this policy during the term thereof, claim exception from liability to the named assured because of any statute, ordinance, or other legal restrictions whereby the named assured for reason of its being a municipal corporation may be legally except from liability for damages, and that in all cases of loss or damage settlement shall be made as herein provided, the same as though the named assured was a private corporation."

It is upon the latter-quoted provision that the plaintiff in error principally relies on the contentions urged before this court. It is insisted: (1) that this contract is one not merely of indemnity but one obligating the insurance company to pay liabilities; (2) that the contract is one made for the general public, and the plaintiff's son was a beneficiary under the contract; and (3) that, by the last-quoted provision of the insurance contract, the insurer estopped itself from asserting the immunity of the county to suit.

We have examined the contract thoroughly. It appears to be an ordinary liability-insurance contract, under the express terms of which the insurance company is not subject to suit until after a judgment has been obtained against the insured, or a settlement agreement reached, and the liability of the insured thus established. There is nothing in the contract, unless it be the last-quoted provision, purporting to give to an injured person any greater right or privilege of joining a tort-feasor and the insurance carrier in the same action than is enjoyed by litigants generally in actions against tort-feasors; and it is such a well-established policy of the law that such joint actions cannot be maintained, with the exceptions presently noted, that citation of authority is deemed unnecessary.

We cannot agree with the contention of the plaintiff in error to the effect that, in view of the last-quoted provision of the contract, the contract was one entered into for the purpose of protecting the public, including the plaintiff's son, and for this reason the plaintiff has a legal and equitable interest in the performance of the contract. By its express terms, the contract is one made between the insurance company and the assured, and it expressly provides that the insurance company agrees that it "will not, in case of loss or damage arising under this policy during the term thereof, claim exemption from liability *to the named assured* because of any statute," etc. There is nothing in this provision conferring any benefits upon the public; and, we think, there is nothing in this provision which estops the insurance company, as against the plaintiff in this litigation, from raising the question of the immunity of the county to suit. If a judgment were once obtained against the county, or if a settlement were made under the terms of the contract, the provision, as between the county

and the insurance company, might become operative; but we think that no estoppel can arise against the insurance company as against the present plaintiff by reason of this clause of the contract. Nor would the fact that the insurance company furnished counsel to defend the suit, as it was obligated to do under the express provisions of the contract, work any estoppel against the insurer.

Seeking to "fix the liability" of the insurance company, notwithstanding the immunity of the county to suit, the plaintiff has sought to join the insurance company as a party defendant. We have been unable to find any Georgia authority authorizing a joinder of a tort-feasor and an insurance company in one action, or the bringing of suit directly against the insurance company, except (1) where expressly provided by statute, as in the case of motor common-carriers, or (2) where a judgment has previously been obtained against the insured which is unsatisfied, or the liability of the insured has otherwise been fixed.

Prior to the adoption of the 1937 Motor Carriers Act (Code, Ann. Supp., § 68-612), the law required a motor carrier to furnish bond, for the protection of the public against injury proximately caused by the carrier, and the law expressly provided that "such bonds shall be for the benefit of, and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby." In view of these provisions, it was held by this court that an action might be maintained directly against the insurance company, without first obtaining judgment against the motor carrier (*Great American Indemnity Co.* v. *Vickers*, 183 *Ga.* 233, 188 S. E. 24); but this court expressly held that, even under these provisions of law, an injured person could not join the tort-feasor and the insurance company in the same action, holding, in *Russell* v. *Burroughs*, 183 *Ga.* 361, 363 (188 S. E. 451): "The Code, § 3-113, declares: 'All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined.' Upon the authority of this section it has been uniformly held by this court that two such separate and distinct causes of action cannot be joined in one suit. See *Herring* v. *Smith*, 141 *Ga.* 825 (82 S. E. 132); *Wolff* v. *Southern Railway Co.*, 130 *Ga.* 251 (60 S. E. 569). Numerous other decisions might be cited;

but this principle is too well settled in this State to require further citation or elaboration. . . This statute [Motor Carriers Act], being in derogation of the common law, must be strictly construed, and so construed the provision quoted does not authorize a joint suit to be brought against the tort-feasor and his insurance carrier. There is no express language to that effect. Even if the language employed in reference to the giving of a policy of idemnity insurance for the protection of the public makes the insurance carrier equally liable to suit with the tort-feasor, it does not authorize a joint action against them. . . In the absence of express provisions to that effect in the statute, it will not be construed to change the general and settled law of this State with reference to the joinder of actions." Since the rendition of the *Russell* decision, the Motor Carriers Act has been amended (Ga. L. 1937, p. 727) so as to provide that it shall be "permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract."

There is no statute in this State which would authorize the joinder of the present tort-feasor and the indemnity company in the same action. Nor is there any law which would permit the bringing of the action directly against the insurance company alone, without the liability of the insured having been fixed by judgment or by settlement under the terms of the contract.

Nothing we have ruled in any way conflicts with such decisions as *Fisher* v. *American Casualty Co.*, 67 *Ga. App.* 784 (21 S. E. 2d, 306), being an action against an insurance company based on a judgment previously obtained against the insured, and *Liberty Mutual Insurance Co.* v. *Atlantic Coast Line Railroad*, 66 *Ga. App.* 826 (19 S. E. 2d, 377), being an action by the insured against an insurer who refused to defend, and *Hodges* v. *Ocean Accident & Guarantee Corp.*, 66 *Ga. App.* 431 (18 S. E. 2d, 28), where a judgment had previously been obtained against the assured and the injured party sought to satisfy the judgment in an action directly involving the insurance company. None of these decisions, nor any other decision we have been able to find, purports to hold that, in the absence of statute, a suit is maintainable directly against the insurance company to "fix the liability" of the insurance company. As stated in *Ware County* v. *Cason*, 61 *Ga. App.* 15 (5 S. E. 2d, 597): "In circumstances

where a county is not subject to suit for injuries complained of, there is no provision of law authorizing a court of law to 'fix the liability' of an insurance company under a policy indemnifying the county against loss by reason of such injuries . . where the insurance company is not a party. The court which passes upon the ultimate liability of the insurance company must also decide on the existence and the amount of such liability, in the absence of statutory provision to the contrary." And in the absence of statutory provision to the contrary, an insurance company, issuing an ordinary indemnity policy, cannot be joined as a party defendant with a tort-feasor in order to "fix the liability" of the insurance company. *Russell* v. *Burroughs,* supra.

In view of the above rulings, the petition as amended stated no cause of action against any of the defendants, and the trial judge did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*