Daniel E. OVERLIN, Individually, and as next friend and natural guardian of Michael H. Overlin, Plaintiff-Appellant,

v.

Roy BOYD et al., Defendants-Appellees.

No. 78–3488
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 6, 1979.

Edward E. Boshears, Brunswick, Ga., for plaintiff-appellant.

Glover McGhee, Michael H. Schroder, Atlanta, Ga., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM.

We affirm on the basis of the order of the lower court, which is reprinted here in an appendix.

AFFIRMED.

## APPENDIX

### ORDER

ALAIMO, Chief Judge.

In the above-styled diversity action, the plaintiff, a California resident, is suing the Commissioners of Roads and Revenues of Glynn County, Georgia, individually and in their official capacities. Plaintiff alleges that the defendants owned or operated a building at the McKinnon Airport, on St. Simons Island and that they rented space in the building to certain individuals for the storage of various supplies, including explosives. Plaintiff alleges further that on April 24, 1977, his son, a child of "tender age" entered the building in question through an open door and was seriously injured by an explosion after engaging in certain "childish pursuits." The defendants are said to have been negligent in several respects, and the injuries to plaintiff's son are said to have been caused by the alleged negligence. The case is presently before the Court for resolution of the defendant's motion for summary judgment based on the assertion of sovereign and official immunity.

■ Though the County itself is not named as a defendant, defendants argue that in reality, this is an action against Glynn County. Since the defendants seek money damages for injuries allegedly caused by defendants' negligence, the Court agrees that the plaintiff's suit against the defendants in their official capacities is, in effect, a suit against the County. The defendants have established that Glynn County owns the building in question, and that they, in their official capacities as Commissioners, merely manage the property on behalf of the County. None of the defendants has any ownership rights in the building. *See* Affidavit of Harry Perkins, County Administrator of Glynn County. *See Arnold v. Walton*, 205 Ga. 606, 54 S.E.2d 424 (1949); *Merritt v. Dixon*, 222 Ga. 432, 150 S.E.2d 644 (1966). *Compare Cannon v. Montgomery*, 184 Ga. 588, 192 S.E. 206 (1937). *See generally*, McManis, *Personal Liability of State Officials Under State and Federal Law*, 9 Ga.L.Rev. 821 (1975). Accordingly, the defendants are entitled to assert the County's defense of sovereign immunity as to this aspect of the plaintiff's claim. *Arnold v. Walton, supra.*

*Ga.Code Ann.* § 23–1502 provides that "[a] county is not liable to suit for any cause of action unless made so by statute." The defendant cites no statute waiving county immunity for suits alleging negligence in the operation of airports, and the Court is satisfied that no such statute exists. *See Miree v. United States*, 526 F.2d 679, 683 (5th Cir. 1976), *reversed on other grounds*, 538 F.2d 643 (5th Cir. 1976), *vacated and remanded*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977), *certified to the Georgia Supreme Court*, 565 F.2d 1354 (5th Cir. 1978).

■ The plaintiff seeks to avoid the immunity defense by characterizing the agreement by which defendants leased the building in question as violative of state law, and by deducing from this that the defendants acted *ultra vires*.[1] However,

---

1. The record reveals that the lease in question was oral. *Ga.Code Ann.* § 23–1701 provides that "[a]ll contracts entered into by the ordinary with other persons in behalf of the county shall be in writing and entered on his minutes." A contract with a Georgia county is not enforceable unless in writing and entered on the proper minutes, *Hatcher v. Hancock County Commissioners of Roads and Revenues*, 239 Ga. 229, 236 S.E.2d 577 (1977). Though unenforceable, the oral lease agreement was not illegal. *Cf., Shannondoah, Inc. v. Smith*, 140 Ga.App. 200, 230 S.E.2d 351 (1976).

Citing *Ga.Code Ann.* § 91–602, plaintiff also challenges the defendants' authority to enter into the lease agreement at all. However, the record reveals that the lease ran on a month to month basis, giving the lessee only a usufruct with no estate passing out of the County. *See Ga.Code Ann.* § 61–101. In this situation, *Ga. Code Ann.* § 91–602 is inapplicable. In short, there was no conveyance of County property.

the cases cited by the plaintiff are inapposite to the present claims against the defendant Commissioners in their official capacities, which the Court construes as claims against the County itself.

In *Miree v. United States, supra*, it was alleged that DeKalb County was negligent in maintaining a garbage dump adjacent to a County airport. The suit involved an airplane crash caused by the ingestion of birds from the dump into the plane's jet engines shortly after take-off. On certification, the Georgia Supreme Court answered in the affirmative the following certified questions:

"1. In these particular cases, under Georgia law is DeKalb County immune from suit under a theory of negligence?

"(a) In these particular cases, under Georgia law is DeKalb County immune from suit under a theory of negligence, if the negligence arose from the violation of DeKalb County of *specific* contractual and *statutorily imposed duties*?" (Emphasis added).

*Miree v. United States*, 565 F.2d 1354, 1357 (5th Cir. 1978). The Georgia Supreme Court also stated that the County was immune from suit on a nuisance theory. The Court concludes that the claims against the defendants in their official capacities are barred by the County's sovereign immunity.

Concerning the claims against the defendants in their individual capacities, the defendants have only a qualified official immunity from suit.

"It is the general rule that public officers, when acting in good faith and within the scope of their duty, are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another*."

*Vickers v. Motte*, 109 Ga.App. 615, 617, 137 S.E.2d 77, 79 (1964). The plaintiff does not allege that the defendants acted maliciously or with the intent to injure, and he does not allege that they were acting outside the scope of their duties with regard to the lease of the building in question. Plaintiff does allege that the defendants acted beyond the scope of their authority, *i. e.*, in a manner not authorized by law with respect to the lease agreement. However, the Court has concluded that the plaintiff's arguments in this regard are without merit. *See* note one, *supra*. Accordingly, the claims against the defendants, in their individual capacities, must fall.

In sum, the defendants' motion for summary judgment is granted. The clerk is directed to enter an appropriate judgment.

So Ordered, this 25th day of September, 1978.

---

*See Southern Airways Co. v. DeKalb County*, 102 Ga.App. 850, 859–860, 118 S.E.2d 234 (1960).

