71032. TOLBERT v. CRISP COUNTY POWER COMMISSION.
71033. HARTLEY v. CRISP COUNTY POWER COMMISSION.
(338 SE2d 295)

BIRDSONG, Presiding Judge.

Wrongful Death — Sovereign Immunity. In 1927 by constitutional enactment, Crisp County was authorized to engage in the generation and sale of electrical current and to sell bonds, construct power generators and enter into necessary contracts in order to carry out its granted powers of generating and selling electrical current.

On December 27, 1982, Gregory Best and Theotis Tolbert were working on a highway site in Crisp County, each employed on behalf of the highway construction. A dump truck operated by Tolbert struck a support pole carrying a 7,200 volt energized distribution line. A support or guy wire giving support to the pole carrying the energized wire fell to the ground and crossed the highway where construction was occurring. Best and Tolbert undertook to remove the support wire from the broken pole and remove it from the highway. While doing so, the guy wire sagged into the energized wire causing the electrocution death of both men. The surviving spouses then brought suit against the Crisp County Power Commission alleging in substance that because the power commission purchased approximately 70% of its electrical power for distribution and sale, the commission acted outside its constitutional authority to "generate and sell" electrical current.

It apparently is conceded that the Crisp County Power Commission is an arm of Crisp County and unless the purchase of electricity is indeed ultra vires of the conferred powers of Crisp County, sovereign immunity protects the county from the tort suits here involved. See *Arnold v. Walton*, 205 Ga. 606, 609 (54 SE2d 424). In that case the plaintiff Arnold sued the Crisp County Power Commission for the death of her husband when he was electrocuted by coming in contact with a power line. It was alleged that the generation of electricity and sale thereof constituted a commercial business or enterprise. The Supreme Court concluded that Crisp County and not the power commission was the entity involved and that Crisp County was entitled to protection from suit because of sovereign immunity for the generation and sale of electricity.

However, in the present suit, Tolbert and Hartley (widow of Best) maintained that the constitutional grant of authority did not confer power upon Crisp County to "purchase" electricity but only to generate and sell electricity. It is not disputed that the constitutional amendment (1925 Ga. L. 72) authorized Crisp County to "engage in the manufacture, generation and sale of . . . electrical current . . . and to make all necessary contracts relating to the sale and disposition thereof. . . ."

A cursory glance at the quoted language makes it apparent that the amendment does not make reference to the "purchase" of electrical current. But it equally is clear that the authority included not only the power to manufacture but to generate and to sell electrical current. Thus, the county was granted all power necessary to enter into contracts required to (1) manufacture electrical current, (2) generate electrical current, and (3) sell electrical current. The enabling clause authorized the county to acquire necessary land sites, construct dams, transmission lines, and enter necessary contracts for any and all purposes in order to (among other powers) sell electrical current.

Appellants must agree that Crisp County was authorized to and engaged in the damming of the Flint River; to garner water and electrical power for sale to customers; to construct plants; to generate electricity; to sell of that generated electricity; and to construct or lease transmission lines for that purpose. It is also clear that part of its authority was to sell electrical current. The non-existence of the word "purchase" is irrelevant to the power of the county to sell electrical current. The constitutional authority even in a narrow construction certainly granted Crisp County the right to engage in the sale of electrical current over its own transmission line regardless of the source of that electricity whether manufactured, generated, borrowed, or bought. Thus, we cannot subscribe to the argument that the county was limited to the sale only of electrical current manufactured or generated in Crisp County. The argument that the county exceeded its authority and was engaged in an ultra vires act is without foundation.

In view of the foregoing, it is our conclusion that there were no issues of disputed material fact presented to the trial court, only an interpretation of the admitted facts. Those facts authorized the grant of the dismissal of these complaints in the face of Crisp County's immunity from suit irrespective of any questions of employee negligence. *Arnold v. Walton,* supra.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 15, 1985.

*William P. Keenan,* for appellants.

*Robert L. Pennington, P. Melton Culpepper, Jr.,* for appellee.