A11A0961. BOARD OF COMMISSIONERS OF GLYNN COUNTY v. JOHNSON et al.
(717 SE2d 272)

BARNES, Presiding Judge.

The instant case arises out of Glynn County's use of a helicopter for mosquito control. Rodger M. Johnson filed this personal injury and nuisance suit against the Board of Commissioners of Glynn County, alleging that he sustained personal injuries after breathing chemicals that were sprayed by the helicopter. His wife, Pamela Johnson, asserted a claim for loss of consortium arising from her husband's alleged injuries. The Board of Commissioners moved to dismiss the plaintiffs' complaint on the ground that the claims were barred by sovereign immunity, and the trial court entered a sum-

mary order denying the motion. This appeal followed.[1] For the reasons discussed below, we conclude that the County did not waive its sovereign immunity and that members of the Board of Commissioners were not sued in their individual capacities. Accordingly, we reverse the trial court's order and remand with the instruction that the plaintiffs' complaint be dismissed.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citations, punctuation and footnote omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010). Our review of the trial court's ruling is de novo. Id.

So viewed, the complaint shows that Glynn County operates helicopters that spray for insects and mosquitoes within the boundaries of the county. In the early morning hours of May 27, 2005, a county-operated helicopter was spraying chemicals in a neighborhood on the north end of St. Simons Island. Mr. Johnson was employed by a construction company and was working outside in the neighborhood at the time. According to Mr. Johnson, he attempted to warn the helicopter of his presence as it flew overhead, but it nevertheless made several low passes over the area where he was working, where it sprayed "noxious and dangerous chemicals" down on him and others.

Mr. Johnson claims that as a result of his exposure to the chemicals, he suffered "severe and permanent injuries to his lungs." Consequently, he commenced this personal injury and nuisance action against the members of the Board of Commissioners of Glynn County in their official capacities, and his wife asserted a claim for loss of consortium. The plaintiffs alleged that the helicopter was being operated by an employee or agent of Glynn County and that they were entitled to damages for their injuries.

1. The Board of Commissioners contends that the trial court erred in failing to dismiss the complaint because the plaintiffs' personal injury and nuisance claims were barred by sovereign immunity. We agree.

A suit against members of a county board of commissioners in their official capacities is tantamount to a suit against the county itself. See *Gilbert v. Richardson*, 264 Ga. 744, 746 (2), n. 4 (452 SE2d 476) (1994). As such, the Board of Commissioners in this case may invoke the protection of sovereign immunity. See id. See also *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (1) (501 SE2d 38) (1998)

---

[1] Although interlocutory, the dismissal order is directly appealable under the collateral order doctrine. See *Bd. of Regents &c. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).

(claims against board of commissioners barred by sovereign immunity).

> As provided in Georgia's [C]onstitution, sovereign immunity extends to the counties, and a county's sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See also OCGA § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver.

(Citations, punctuation and footnotes omitted.) *McCobb v. Clayton County*, 309 Ga. App. 217, 217-218 (1) (a) (710 SE2d 207) (2011). Mindful of these principles, we turn to the contentions in the present case.

(a) In the trial court, the plaintiffs contended that Glynn County waived its sovereign immunity under OCGA § 33-24-51 by purchasing a liability insurance policy covering the mosquito control helicopter. We disagree.

It is true that OCGA § 33-24-51 meets the criteria for a statutory waiver of sovereign immunity. See *Hewell v. Walton County*, 292 Ga. App. 510, 512 (1) (664 SE2d 875) (2008). Subsection (a) of that statute provides:

> A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of *any motor vehicle* by the municipal corporation, county, or any other political subdivision of this state under its management, control, or supervision, whether in a governmental undertaking or not, and to pay premiums for the insurance coverage.

(Emphasis supplied.) In its current form,[2] subsection (b) of OCGA § 33-24-51 then provides that sovereign immunity is waived where a local government purchases insurance on "any motor vehicle" as authorized in subsection (a) of the statute, if the insurance covers "the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2."[3]

Here, however, Glynn County's purchase of liability insurance did not waive its sovereign immunity under OCGA § 33-24-51 because a helicopter is not a "motor vehicle" as that term is understood in the statute. As we recently held, "any motor vehicle" as used in the current version of OCGA § 33-24-51 refers to a vehicle that (1) is capable of being driven on the public roads and (2) is covered by a liability insurance policy purchased by the local government entity. *Glass v. Gates*, 311 Ga. App. 563, 567 (1) (716 SE2d 611) (2011). Because a helicopter is not capable of being driven on the public roads, there could be no waiver of Glynn County's sovereign immunity pursuant to OCGA § 33-24-51. See *Pate v. Turner County*, 162 Ga. App. 463, 463-464 (291 SE2d 400) (1982) (landfill compactor with metal wheels that could only be driven on soil or dirt rather than a hard surface such as a road did not constitute a "motor vehicle").

(b) The plaintiffs further contended that sovereign immunity did not bar their claims because operation of the mosquito control helicopter was an abnormally dangerous activity for which strict liability applied; Glynn County acted in reckless disregard for the safety of others in authorizing the helicopter to spray the neighborhood area; and Glynn County's decision to authorize the operation of the helicopter was ultra vires. But none of these contentions provide a basis for waiving the sovereign immunity of a local government; rather, as previously noted, under the Georgia Constitution, immunity "can only be waived pursuant to a legislative act which specifically provides that sovereign immunity is waived and [describes] the extent of such waiver." (Citation and punctuation omitted.) *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995). See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).[4]

---

[2] OCGA § 33-24-51 was amended in 2002, and the amendments became effective on January 1, 2005. See Ga. L. 2002, p. 579, §§ 1, 5. Thus, the current version of the statute applies in the present case.

[3] OCGA § 36-92-2 sets certain monetary limits for the mandatory waiver of sovereign immunity by local government entities for their operation of a "covered motor vehicle" as that term is defined in OCGA § 36-92-1.

[4] The decision relied upon by the plaintiffs for the proposition that a county's sovereign

(c) Lastly, the plaintiffs contended in the trial court that sovereign immunity did not bar their nuisance claim. "A county may be liable to an owner in damages to property, either real or personal, through inverse condemnation by a nuisance, created, maintained, or worsened by such county"; in that context, sovereign immunity is not applicable because "inverse condemnation is a form of eminent domain." (Citations omitted.) *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 524 (3) (529 SE2d 406) (2000). See Ga. Const. of 1983, Art. I, Sec. III, Par. I. "However, a personal injury for purposes of inverse condemnation does not constitute personal property that can be taken. Sovereign immunity bars any action for personal injury or wrongful death against a county arising from nuisance or inverse condemnation." (Citation and punctuation omitted.) *Rutherford v. DeKalb County*, 287 Ga. App. 366, 369 (2) (651 SE2d 771) (2007). Because the plaintiffs' claims were for personal injuries sustained as a result of the operation of the helicopter, sovereign immunity barred the nuisance claim. Id.

For the reasons explained in Division 1 (a)-(c), the plaintiffs did not carry their burden of showing that Glynn County waived its sovereign immunity with regard to its operation of the mosquito control helicopter. It follows that the trial court erred in failing to dismiss the plaintiffs' claims against the members of the Board of Commissioners in their official capacities on sovereign immunity grounds.

2. In their appellate brief, the plaintiffs proceed with their argument as if Tony Thaw, a former Glynn County Commissioner, is a party to this litigation in his individual capacity. According to the plaintiffs, Mr. Thaw acted in an ultra vires manner and for personal profit by ordering the use of the helicopter for mosquito control on the day in question. As such, the plaintiffs allege that he is not entitled to official immunity and that they should be permitted to proceed with their damages claims against him individually, even if their claims against members of the Board of Commissioners in their official capacities should have been dismissed. The plaintiffs' assertions are without merit because the record shows that they never sued Mr. Thaw in his individual capacity.

We have stressed that there is a "big difference" between an official capacity suit and an individual capacity suit. See *City of*

---

immunity is waived for ultra vires acts, *Tolbert v. Crisp County Power Comm.*, 176 Ga. App. 856 (338 SE2d 295) (1985), was handed down before the 1991 amendment to the Georgia Constitution that added the above-quoted language regarding when immunity "can only be waived." See Ga. L. 1990, p. 2435, § 1. Thus, to the extent that *Tolbert* could be construed as standing for the proposition that an action for damages can be brought against a county for ultra vires acts, it has long been superseded by constitutional amendment.

*Atlanta v. Harbor Grove Apts.*, 308 Ga. App. 57, 58 (1) (706 SE2d 722) (2011); *Ward v. Dodson*, 256 Ga. App. 660, 662 (569 SE2d 554) (2002). See also *Colvin v. McDougall*, 62 F3d 1316, 1318 (11th Cir. 1995). As pointed out above, suits against county employees in their official capacities are in reality suits against the county itself. See *Gilbert*, 264 Ga. at 746 (2), n. 4. Because any recovery of damages would be paid out of the public purse, county employees sued in their official capacities are entitled to invoke the protection afforded by sovereign immunity. See id. In contrast, county employees sued in their individual capacities face potential personal liability for any damages recovered, and they are afforded the protection of official immunity for discretionary actions taken within the scope of their official authority, done without malice or an intent to injure. See *Grammens v. Dollar*, 287 Ga. 618, 619 (697 SE2d 775) (2010). "The rationale for this immunity is to preserve the [county] employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight." *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001).

In determining whether a defendant has been sued in his official or individual capacity, courts must look to the complaint and the course of proceedings, mindful that "in general, plaintiffs have a duty to make plain who they are suing and to do so well before trial." (Citation and punctuation omitted.) *Ward*, 256 Ga. App. at 662. Here, the plaintiffs' complaint, as amended, does not state whether the claims are being brought as official capacity or individual capacity claims. However, the amended complaint refers to the defendants only as "members of the Board of Commissioners of Glynn County, State of Georgia," does not mention any board member by name or refer to any actions by any specific board member, and makes no reference to discretionary or ministerial acts or to the doctrine of official immunity. And, after filing their complaint, the plaintiffs did not refer to Mr. Thaw as a defendant or mention the issue of official immunity until approximately two years later, and not until their fifth brief in response to the Board of Commissioners's motion to dismiss their complaint on sovereign immunity grounds. In light of the complaint and the course of proceedings, it is clear that the members of the Board of Commissioners were sued only in their official capacities, notwithstanding the plaintiffs' belated attempt to re-frame their claims after two years of litigation.

In reaching this conclusion, we note that the plaintiffs' reference to Mr. Thaw as an individual defendant in their fifth brief in response to the Board of Commissioners's motion to dismiss did not serve to constructively amend their complaint to add him as a party to this litigation.

In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21. The record in this case makes it clear that leave of court to add a party to the existing case by amendment was never sought nor obtained.

(Punctuation and footnote omitted; emphasis in original.) *Valdosta Hotel Properties v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642) (2006). See *Dollar Concrete Constr. Co. v. Watson*, 207 Ga. App. 452, 453 (428 SE2d 379) (1993). Because the plaintiffs never sought leave of court to add Mr. Thaw as a party in his individual capacity, any unilateral attempt by the plaintiffs to amend their complaint in this regard was ineffective.[5] Id. Hence, there are simply no claims against Mr. Thaw in his individual capacity in this case.

*Judgment reversed and case remanded with instruction. Adams and Blackwell, JJ., concur.*

DECIDED SEPTEMBER 14, 2011 — RECONSIDERATION DENIED OCTOBER 5, 2011.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Terry L. Readdick, Garret W. Meader*, for appellant.
*Edward E. Boshears*, for appellees.

---

[5] We note that failing to name a defendant in his or her individual capacity is not a mere misnomer that can be corrected without leave of court under OCGA § 9-11-10 (a). "Correction of a misnomer . . . does not add a new and distinct party." (Punctuation and footnote omitted.) *Valdosta Hotel Properties*, 278 Ga. App. at 211 (1). Because suing the members of the Board of Commissioners in their official capacities is in reality a suit against Glynn County, adding Mr. Thaw as a defendant in his individual capacity would be tantamount to adding a new party to the lawsuit. See *Ward*, 256 Ga. App. at 662. See also *Soley v. Dodson*, 256 Ga. App. 770, 772 (569 SE2d 870) (2002) (noting substantial difference between suit brought against a government employee in his official capacity and one brought against him in his individual capacity).