**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**November 21, 2022**

# In the Court of Appeals of Georgia

A22A1409. RAMOS v. OWENS.

LAND, Judge.

Michael Ramos sued Craig Owens, in his official capacity as the Sheriff of Cobb County, to recover for injuries that Ramos sustained when he was an inmate with the Cobb County Detention Center. He appeals from the trial court's grant of Owens's motion to dismiss the complaint on sovereign immunity grounds. For the following reasons, we affirm.

This Court reviews de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. *Bryant v. Ga. Ports Auth.*, 364 Ga. App. 285, 285 (874 SE2d 455) (2022). We uphold the trial court's factual findings if there is any evidence supporting them and "the burden of proof is on the party seeking the waiver of immunity." (Punctuation and footnote omitted.) Id.

So viewed, the record shows that in September 2021, Ramos sued Owens in his official capacity as the Sheriff of Cobb County asserting claims of negligence. The complaint alleges that, while Ramos was an inmate at the Cobb County Detention Center, he was injured when he was assigned to an inmate work detail performing landscaping duties. The complaint alleges that because Ramos was not provided with appropriate footwear to complete the task, he fell down an embankment and suffered injuries to his knee that required hospital visits and eventual surgery.

In October 2021, Owens filed a special appearance answer and a motion to dismiss under OCGA § 9-11-12 (b) (1), arguing that the trial court lacked subject-matter jurisdiction because Owens is entitled to sovereign immunity. About a month later, Ramos filed an amended complaint and response to the motion to dismiss. Ramos's amended complaint added a claim that Owens waived sovereign immunity "by the purchase of insurance coverage for claim[s] aris[ing] out of negligence of his deputies for failing to provide [Ramos] with the proper equipment that caused" his injuries and also alleges that the "Constitution of 1983 also waived sovereign immunity in suits for breach of a written contract, as well as in suits for monetary damages to the extent that such damages were covered by liability insurance." Ramos did not provide any information concerning the details of the alleged insurance

2

coverage or make any further allegation regarding such coverage. Moreover, he did not cite any authority for the proposition that the purchase of this alleged coverage waived Owens's sovereign immunity. Owens filed a motion to dismiss the amended complaint, which Ramos did not respond to.

In February 2022, the trial court granted Owens's motion to dismiss. The trial court's order held that Ramos failed to meet his burden of establishing a waiver of Owens's sovereign immunity, and thus the complaint should be dismissed for lack of subject-matter jurisdiction pursuant to OCGA § 9-11-12 (b) (1). Ramos appeals from that order.

"Sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." (Citation and punctuation omitted.) *Conway v. Jones*, 353 Ga. App. 110, 111-112 (1) (836 SE2d 538) (2019). Accord *Watts v. City of Dillard*, 294 Ga. App. 861, 862 (1) (670 SE2d 442) (2008) (sovereign immunity "protects all levels of governments from legal action unless they have waived their immunity from suit"). Counties, as a general rule, enjoy sovereign immunity. *Layer v. Barrow County*, 297 Ga. 871, 871 (1) (778 SE2d 156) (2015). See OCGA § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute"). Thus, county officers sued

3

in their official capacities enjoy the same sovereign immunity because "a suit against a county officer in [his] official capacity is a suit against the county itself[.]" (Emphasis omitted). *Layer*, 297 Ga. at 871 (1). Whether a county has waived sovereign immunity is a "threshold issue" and not a "mere defense to liability." *Bd. of Comm'rs of Glynn County v. Johnson*, 311 Ga. App. 867, 869 (1) (717 SE2d 272) (2011). A waiver of sovereign immunity "must be established by the party seeking to benefit from that waiver," *Bd. of Regents of the Univ. Sys. of Ga. v. Daniels*, 264 Ga. 328, 328 (446 SE2d 735) (1994), and when a litigant fails to bear this burden, the trial court must dismiss the complaint pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction. *Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 57 (666 SE2d 383) (2008).

In this case, Ramos has failed to carry this burden, because he "does not argue on appeal, nor did [he] establish below, that the General Assembly has waived sovereign immunity for the state law claims raised in this case." (Citation and punctuation omitted.) *Conway*, 353 Ga. App. at 112 (1). In his amended complaint, Ramos failed to identify a statute or any other authority establishing a waiver of sovereign immunity under these facts, and he failed to provide any information about

4

the insurance policy that he claims provided the waiver of sovereign immunity.[1] See

*Conway*, 353 Ga. App. at 111-112 (1) (trial court did not err by dismissing plaintiff's

complaint against county sheriff and former sheriff's deputy for lack of subject-matter

jurisdiction when plaintiff failed to bear her burden of proving that there was a waiver

of sovereign immunity); *Bd. of Comm'rs of Glynn County,* 311 Ga. App. at 870 (1)

(a) (county's purchase of helicopter liability insurance did not waive its sovereign

immunity under OCGA § 33-24-51 because a helicopter is not a motor vehicle as that

term is understood in the statute).

Ramos argues that the trial court should have reviewed the case under the

standard set forth in OCGA § 9-11-12 (b) (6), which provides that a defendant must

demonstrate that Plaintiff is not entitled to relief under any state of facts which could

be proved. *Coosa Valley Tech. College v. West*, 299 Ga. App. 171, 174 (1) (682 SE2d

187) (2009). Thus, he argues that he should have been granted discovery to identify

any relevant insurance policies. Ramos's argument misses the mark. First, he did not

ask the trial court for the opportunity to engage in discovery on this issue and has thus

---

[1] Although OCGA § 33-24-51 (b) provides that government entities waive sovereign immunity when they purchase liability insurance to cover "a loss arising out of claims for the negligent use of a covered motor vehicle," this waiver is not applicable to the circumstances of Ramos's injury.

5

waived this argument on appeal. See *Champion Windows of Chattanooga v. Edwards*, 326 Ga. App. 232, 242 (2), n. 9 (756 SE2d 314) (2014) ("Issues and objections not raised in the trial court and ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal") (citation and punctuation omitted). Second, Ramos's argument overlooks the fact that Owens moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to OCGA § 9-11-12 (b) (1), *not* for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6). Thus, OCGA § 9-11-12 (b) (6) and the case law interpreting it have no application to this case.

Because Ramos is the party seeking to benefit from a waiver of sovereign immunity, he had the burden of establishing that waiver in the court below. This he failed to do. Accordingly, the trial court correctly granted Owens's motion to dismiss, and that decision is affirmed.

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*